NANNIE MAE BURNS v. EWART BURNS, EXECUTOR OF THE ESTATE OF MARY CLEO BURNS, DECEASED

No. 6929SC168

(Filed 30 April 1969)

1. Quasi Contracts § 1— creation of implied contract for services rendered

In the absence of some express or implied gratuity, services rendered by one person to or for another, which are knowingly and voluntarily received, are presumed to be given and accepted in expectation of being paid for, and the law will imply a promise to pay what they are reasonably worth.

BURNS *v.* BURNS

**2. Executors and Administrators § 26— action for services rendered decedent — presumption and burden of proof**

Although there is no presumption that the services rendered by a sister-in-law while living within the family are gratuitous, the burden still rests upon her to show circumstances from which it might be inferred that the services were rendered and received with the mutual understanding that they were to be paid for.

**3. Quasi Contracts § 1— quantum meruit**

*Quantum meruit* must rest upon an implied contract.

**4. Executors and Administrators § 24— action for personal services rendered decedent — sister-in-law — sufficiency of evidence**

Evidence that plaintiff rendered personal services to her sister-in-law in caring for her in her old age and final illness and that the plaintiff's daughter overheard a conversation in which the sister-in-law told plaintiff that she would pay her "at the end" is sufficient to be submitted to the jury in plaintiff's action to recover for personal services rendered the sister-in-law.

**5. Damages § 16; Executors and Administrators § 27— action for personal services rendered decedent — instruction on damages**

In an action to recover for personal services allegedly rendered to defendant's testate, plaintiff alleged that the reasonable value of her services was $100 per month from November 1954 through October 1959, and was $150 per month from November 1959 through November 1966 — a total of $18,700. In an additional paragraph and in the prayer for relief plaintiff alleged that she was damaged in the total sum of $18,700. The trial court ruled that plaintiff was limited to compensation for services rendered within the three years next preceding the death of decedent in 1966. The jury returned a verdict awarding $13,500 to plaintiff. *Held:* Plaintiff's recovery is limited to the per-month value of her services specifically alleged in the complaint, and trial court erred in failing to instruct the jury that plaintiff's maximum recovery would be an amount equal to $150 per month for not more than three years.

**6. Pleadings § 36— allegata and probata**

To establish a cause of action there must be both allegata and probata, and the two must correspond.

**7. Pleadings § 36— recovery on theory of the complaint**

Plaintiff must make out his case secundum allegata, and may recover, if at all, only on the theory of the complaint.

**8. Pleadings § 2— statement of cause of action — general v. specific allegations**

Where both general and specific allegations are made respecting the same matter, the latter control.

**9. Pleadings § 7— prayer for relief**

The prayer for relief is not a necessary part of the complaint; the relief to which plaintiff is entitled is to be determined by the facts alleged

in the complaint and established by the evidence, and not in the prayer for relief.

**10. Executors and Administrators § 27— action for services rendered decedent — measure of damages**

In an action to recover for personal services rendered a decedent, the measure of damages is the reasonable market value of such services.

APPEAL by defendant from *Martin, J.,* at the September 1968 Session of RUTHERFORD Superior Court.

This is an action for personal services allegedly rendered by plaintiff to defendant's testate. Plaintiff's evidence tended to show: Decedent, a retired school teacher and sister of plaintiff's husband, resided in the home of plaintiff and her husband from October 1954 until decedent's death in November 1966. Plaintiff's husband died in October 1959 after which decedent continued to live in the home with plaintiff. Decedent was 72 years old when she began living in plaintiff's home and was 83 when she died. She was in reasonably good health until 1964 when she fell and received injuries to her head. After that time, she did not leave the house often but was able to be up and around. She was able to make her own bed and sweep her own room until January 1966 when she suffered a stroke. Thereafter, she was unable to walk and her condition became progressively worse until her death. From the time of decedent's stroke until her death, plaintiff lifted her from her bed to her chair, prepared her meals, dressed her, washed and ironed her clothing, and bathed her. Plaintiff's daughter testified that she overheard a conversation between decedent and plaintiff and heard decedent tell plaintiff that she would pay her "at the end," that she might need her money while she was living.

Issues were submitted to and answered by the jury as follows:

"1. Did the Plaintiff, Nannie Mae Burns, perform services of value for Mary Cleo Burns during the last three years of the life of the said Mary Cleo Burns, under circumstances upon which an implied agreement arose that she was to receive compensation for said services?

ANSWER: Yes.

2. If so, what amount is the Plaintiff entitled to recover of the defendant for said services?

ANSWER: $13,500.00."

From judgment predicated on the verdict in favor of plaintiff, defendant appealed.

*Hamrick & Hamrick by J. Nat Hamrick and J. A. Benoy for plaintiff appellee.*

*George R. Morrow and Carroll W. Walden, Jr., for defendant appellant.*

BRITT, J.

Defendant's first assignment of error relates to the failure of the trial court to grant defendant's motions for nonsuit.

[1]  The rule applicable to the case before us has been well established in this jurisdiction. In *Ray v. Robinson,* 216 N.C. 430, 5 S.E. 2d 127, in an opinion by Stacy, C.J., it is said: "It is established by a number of decisions, that in the absence of some express or implied gratuity, usually arising out of family relationship or mutual interdependence, services rendered by one person to or for another, which are knowingly and voluntarily received, are presumed to be given and accepted in expectation of being paid for, and the law will imply a promise to pay what they are reasonable worth. *Winkler v. Killian, supra* [141 N.C. 575, 54 S.E. 540]; *Callahan v. Wood,* 118 N.C., 752, 24 S.E., 542." The rule has been quoted with approval in numerous decisions, including *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582, and *McCraw v. Llewellyn,* 256 N.C. 213, 123 S.E. 2d 575.

[2]  Our Supreme Court has held that the relationship of daughter-in-law does not raise the presumption that services performed while living within the family are gratuitous. *Lindley v. Frazier,* 231 N.C. 44, 55 S.E. 2d 815. The court has gone even further and held that there is no presumption that personal services rendered by an adult daughter to her father are gratuitous when such services are rendered after the daughter has married and left her father's house and established a home of her own. *Johnson v. Sanders, supra.* It follows that there is no presumption that the services rendered by plaintiff, a sister-in-law, in the instant case were gratuitous.

[2, 3]  Although the plaintiff was not confronted with the presumption that the services rendered by her were gratuitous, the burden still rested upon her to show circumstances from which it might be inferred that the services were rendered and received with the mutual understanding that they were to be paid for. The *quantum meruit* must rest upon an implied contract. Nothing else appearing, such an inference is permissible when a person knowingly accepts from another services of value. *Lindley v. Frazier, supra.* We think that the evidence introduced by plaintiff was sufficient to

show circumstances from which it might be inferred that the services were rendered by plaintiff and received by decedent with the understanding that they were to be paid for.

**[4]**   Defendant relies very strongly on *Lindley v. Frazier, supra,* in which the court held that the motion for nonsuit should have been allowed. The cases are clearly distinguishable. The assignment of error relating to defendant's motions for nonsuit is overruled.

**[5]**   Defendant assigns as error the failure of the trial court to instruct the jury that the maximum recovery would be an amount equal to $150 per month, for not more than three years.

In her amended complaint, plaintiff alleged that the reasonable value of her services rendered to the decedent was $100 per month from November 1954 through October 1959, and the reasonable value of services rendered from November 1959 through November 1966 was $150 per month. The trial court ruled that plaintiff was limited to compensation for services rendered within three years next preceding the death of decedent. Although plaintiff excepted to this ruling, she did not appeal, therefore, that question is not before us and we do not pass upon the propriety of the trial court's ruling. We deem it appropriate to pass upon the question of whether plaintiff's recovery was limited to $150 per month for the three-year period in view of the court's ruling.

In addition to the specific allegations contained in paragraph 6 of the amended complaint and summarized above, in paragraph 8 plaintiff alleged that because of decedent's failure to keep her promises, "plaintiff has been damaged" in the total sum of $18,700. In her prayer for relief, plaintiff prayed for judgment against the estate of the decedent for the sum of $18,700. It will be noted that by calculating $100 per month from November 1954 through October 1959 and $150 per month from November 1959 through November 1966, the total is $18,700, the amount declared by plaintiff to be due her in paragraph 8 of the amended complaint and the amount asked for in the prayer for relief.

**[5-9]**   It is well-established law in this State that to establish a cause of action there must be both allegata and probata, and the two must correspond. The plaintiff must make out his case secundum allegata, and may recover, if at all, only on the theory of the complaint. 6 Strong, N.C. Index 2d, Pleadings, § 36, pp. 368, 369, 370, and cases therein cited. Where both general and specific allegations are made respecting the same matter, the latter control. 71 C.J.S., Pleading, § 56, p. 143. The prayer for relief is not a necessary part

of the complaint and the relief to which plaintiff is entitled is to be determined by the facts alleged in the complaint and established by the evidence, and not in the prayer for relief. *Oil Co. v. Fair*, 3 N.C. App. 175, 164 S.E. 2d 482; 6 Strong, N.C. Index 2d, Pleadings, § 7, pp. 304, 305. Applying these principles to the instant case, we hold that plaintiff was limited to the specific amounts alleged in her amended complaint, and the trial court committed error in not limiting the amount of recovery to the per-month value of the services alleged in the amended complaint. The assignment of error is well taken and is sustained.

[10]     Defendant also assigns as error the failure of the trial court to instruct the jury as to the proper measure of damage. The court instructed the jury that if they came to the second issue, their answer would be such amount, if any, as the plaintiff had satisfied them by the greater weight of the evidence was the reasonable fair market value of the services allegedly rendered the decedent during the last three years of her life. Plaintiff did not introduce any evidence showing the market value of the services rendered.

In *Cline v. Cline*, 258 N.C. 295, 128 S.E. 2d 401, an action was brought to recover for personal services rendered. As was the case here, plaintiff did not introduce evidence showing the market value of the services rendered. The holding of the court is well summarized in the sixth headnote as follows:

"The damages recoverable on an implied contract to pay for personal services rendered decedent is the reasonable market value of such services, without considering the financial condition of the recipient or the value of such services to him, with the burden upon plaintiff to establish by evidence facts furnishing a reasonable basis for the assessment of the damages according to some definite and legal rule, and an instruction merely that the jury should answer the issue of damages in whatever amount the jury should find to be the reasonable value of the services must be held for error."

We think the holding in *Cline* is applicable to the facts in the instant case. The assignment of error is sustained.

We have considered the other assignments of error brought forward and argued in defendant's brief but deem it unnecessary to discuss them, as the questions raised probably will not recur upon a retrial of this action.

New trial.

MALLARD, C.J., and PARKER, J., concur.