ANNE L. GORDON v. JOHN W. GORDON

No. 7021DC1

(Filed 4 February 1970)

**1. Divorce and Alimony §§ 14, 16—— evidence of acts of adultery occurring after pleading was filed**

In this action for alimony without divorce on grounds of abandonment and adultery, the trial court erred in the admission of evidence of acts of adultery by defendant that occurred approximately a year after the

complaint was filed, there having been no motion in the trial court to amend the complaint to allege adultery on these occasions.

**2. Pleadings § 36— allegata and probata**

To establish a cause of action there must be both *allegata* and *probata* and the two must correspond.

**3. Evidence § 15— evidence not supported by allegations — exclusion**

Evidence not supported by allegations or in conflict therewith must be excluded.

**4. Rules of Civil Procedure § 8— pleading occurrences intended to be proved — occurrences after pleading is filed — notice**

Although the new rules of civil procedure which became effective 1 January 1970 liberalize pleading requirements, they require a claim for relief to be set forth sufficiently particular to give the court and the parties notice of the occurrences intended to be proved showing that the pleader is entitled to relief, G.S. 1A-1, Rule 8, and a pleading cannot give notice of occurrences that take place a year after the pleading is filed.

**5. Divorce and Alimony §§ 14, 16— alimony without divorce — testimony of adultery by spouse**

The wife is an incompetent witness to prove adultery of the husband in an action for alimony without divorce. G.S. 50-10.

APPEAL by defendant from *Henderson, District Judge,* 8 April 1969 Civil Session of FORSYTH County District Court.

Plaintiff instituted this action against her husband for alimony without divorce on 16 January 1968. The complaint alleged defendant abandoned plaintiff on 20 November 1967 and further "[t]hat throughout the marriage . . . defendant has constantly dated other women and still is dating other women; that the defendant has committed adultery on numerous occasions, and as the plaintiff is informed and believes has committed adultery since the separation of the parties in November of 1967." Defendant answered denying plaintiff's essential allegations and alleging that the separation resulted from plaintiff's wrongful conduct.

Two issues were submitted to the jury and answered as follows:

"1. Did the defendant abandon the plaintiff as alleged in the complaint?

ANSWER: No

2. Did the defendant commit adultery as alleged in the complaint?

ANSWER: Yes"

Defendant appealed from judgment entered on the verdict.

*White, Crumpler and Pfefferkorn by William G. Pfefferkorn for plaintiff appellee.*

*Wilson and Morrow by John F. Morrow for defendant appellant.*

GRAHAM, J.

[1]    The principal evidence offered by plaintiff on the issue of defendant's adultery related to certain conduct of defendant that occurred in January, 1969, approximately one year after the complaint was filed. Apparently no motion to amend the complaint to allege adultery on these occasions was addressed to the court below. Rather, upon objection by defendant to the admission of this evidence, plaintiff's counsel insisted to the court that evidence tending to show that defendant was "living with someone else" was competent on the question of abandonment. Whether or not the evidence was competent for this purpose is not here material because in charging the jury on the issue of defendant's adultery the court recapitulated the testimony concerning defendant's conduct "with another woman" in January of 1969. The jury, in determining the issue of adultery, was therefore permitted to consider evidence of acts of adultery that were not alleged in the complaint.

[2, 3]    It has long been the rule in this State that to establish a cause of action there must be both *allegata* and *probata* and the two must correspond. 6 Strong, N.C. Index 2d, Pleadings, § 36; *Burns v. Burns*, 4 N.C. App. 426, 167 S.E. 2d 82. Evidence not supported by allegations or in conflict therewith must be excluded. *Vending Co. v. Turner*, 267 N.C. 576, 148 S.E. 2d 531; *Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885.

[4]    Though the new rules of civil procedure which became effective 1 January 1970 liberalize pleading requirements, they nevertheless require a claim for relief to be set forth sufficiently particular "to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, . . ." G.S. 1A-1, Rule 8. Suffice it to say that a pleading filed 16 January 1968 cannot give notice of occurrences that do not take place until a year later.

[5]    The only evidence raising inferences that defendant engaged in adultery "as alleged in the complaint" was the testimony of the plaintiff wife. She testified over objection that on one occasion she had found her husband and another woman alone together in the bedroom of a house where they were attending a party. Defendant's counsel objected and requested to be heard in the absence of the

jury. The court answered: "I am not going to let her *go that far.*" (Emphasis added). Plaintiff continued: "At the time, I left to get a cold cloth to take back to the bedroom. There was just two. There was carpet, they didn't know I was in the bedroom." Plaintiff later testified that shortly before the parties separated she found defendant's underwear and shorts covered with blood. In our opinion the admission of this evidence constitutes prejudicial error requiring a new trial. The husband and wife are incompetent witnesses to prove the adultery of the other in all divorce actions, including actions for alimony without divorce. G.S. 50-10; *Hicks v. Hicks,* 275 N.C. 370, 167 S.E. 2d 761.

We are not here concerned with whether the testimony of the wife, standing alone, was sufficient to carry the issue of the husband's adultery to the jury. The fact is the issue was submitted and the incompetent testimony of the wife was before the jury. We cannot say that the evidence was not considered by the jury as indicating adulterous conduct on the part of the husband.

Plaintiff has filed a motion in this court to amend her complaint to allege acts of adultery committed by the defendant in January of 1969. Since this case must in any event be remanded for a new trial on all issues raised by the pleadings and evidence, we deny plaintiff's motion without prejudice to her to file a similar motion in the court below.

New trial.

BROCK and BRITT, JJ., concur.