W. J. LEFFEW v. SARAH NELSON ORRELL, EXECUTRIX OF W. HARRIS NELSON, JR., AND SARAH H. NELSON ORRELL, INDIVIDUALLY

No. 7017SC58

(Filed 25 February 1970)

**1. Laborers' and Materialmen's Liens §§ 1, 8—   construction of residence — failure to show express contract**

Plaintiff contractor is not entitled to have a lien enforced against property owned by femme defendant and her late husband as tenants by the entirety for labor and materials furnished in constructing a residence on the property, where plaintiff's evidence is insufficient to show that either the femme defendant or her late husband entered into a contract with plaintiff for construction of the residence.

**2. Laborers' and Materialmen's Liens § 2—   lien on entirety property — contract with deceased husband**

Even if plaintiff contractor's evidence had been sufficient to make out a case of contract for indebtedness against the estate of the deceased husband of femme defendant, plaintiff contractor would not be entitled to a laborers' and materialmen's lien against property which had been held by femme defendant and her late husband as tenants by the entirety.

**3. Unjust Enrichment—   implied promise to pay**

Where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor.

**4. Actions § 6;   Courts § 2;   Pleadings § 2—   equitable or legal relief — pleadings**

   While a party may obtain legal or equitable relief, or both, in the same court and in the same action, he must allege the facts upon which the court may grant such relief.

**5. Equity § 1;   Judgments § 3—   equitable relief — sufficiency of pleadings**

   Equitable relief will be granted only when the facts set forth bring the case within the recognized jurisdiction of equity.

**6. Appeal and Error § 4—   theory of case on appeal**

   When a case has been tried in the trial court on a particular theory, a litigant may not switch theories when he gets to the appellate court.

APPEAL by plaintiff from *Beal, S.J.,* July 1969 Session, ROCKINGHAM Superior Court.

The allegations of plaintiff's complaint are briefly summarized as follows: Plaintiff is engaged in the construction business and in November 1967 the feme defendant (Mrs. Nelson) and her late husband (Mr. Nelson) entered into an entire and indivisible contract with plaintiff whereby plaintiff agreed to furnish the labor and materials to construct a residence upon certain lands belonging to Mr. and Mrs. Nelson as tenants by the entirety, the lands being particularly described in the complaint. Pursuant to said contract, plaintiff furnished labor and materials of the value of $6,580.76 as shown on an itemized statement attached to the complaint. Said labor and materials were furnished between 18 November 1967 and 23 April 1968. During the construction of said residence, Mr. Nelson died and Mrs. Nelson, individually and as executrix of the estate of her said husband, has failed and refused to pay for said labor and materials. Within six months after said labor and materials were furnished, plaintiff filed a notice of lien in the office of the Clerk of Superior Court of Rockingham County and by this action plaintiff seeks monetary judgment against the defendants for the amount aforesaid and to have a lien declared on and enforced against the real estate as provided by law.

In her individual capacity, Mrs. Nelson filed a separate answer denying the material allegations of the complaint and specifically denying that she at any time entered into a contract with plaintiff or authorized plaintiff to make any improvements on the subject real estate. She filed an answer as executrix of Mr. Nelson's estate and denied the material allegations of the complaint.

At the close of plaintiff's evidence, defendants' motion for judg-

ment as of involuntary nonsuit was allowed and from judgment predicated thereon, plaintiff appealed.

*Thomas S. Harrington for plaintiff.*

*Walker & Walker, by James R. Walker and W. T. Combs, Jr., for defendants.*

BROCK, J.

Did the trial court err in entering judgment of involuntary nonsuit?

[1]   In *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324, in an opinion by Barnhill, J. (later C.J.), it is said:

> "In order to create a lien in favor of a person who builds a house upon the land of another the circumstances must be such as to first create the relationship of debtor and creditor, and then it is for the debt that he has a lien. The lien does not exist without a contract. [Citations]

> " 'The law seems to be settled in this State that there must be a debt due from the owner of the property before there can be a lien. The debt is the principal, the basis, the foundation upon which the lien depends. The lien is but an incident, and cannot exist without the principal.' [Citations] And a debt contracted is a debt agreed to be paid. [Citations]

> "The debt must be such as would entitle the claimant to a personal judgment for the amount due. [Citation]"

The complaint alleges that an express contract was entered into between plaintiff and Mr. and Mrs. Nelson, but the evidence was not sufficient to support this allegation. In fact, the evidence was insufficient to show a contract between plaintiff and either of the other parties. The evidence is summarized as follows:

Plaintiff testified that on one occasion he met with Mrs. Nelson in Mr. Nelson's office for a discussion of the plans for constructing a residence for her and her husband; that Mrs. Nelson participated in said discussion and made suggestions specifically as to the construction of a powder room. On another occasion plaintiff met the parties in their home and there discussed plans for the proposed house; Mrs. Nelson participated in that conversation and discussion. Pursuant to these conversations, plaintiff began construction of a residence on the land described in the complaint.

The witness Milton Leffew testified that he was present during the meeting in the home at which Mrs. Nelson and Mr. Nelson were present and the discussion dealt with the plans for the construction of the proposed house. Two employees of plaintiff were called as his witnesses. Each testified regarding separate occasions when Mrs. Nelson and Mr. Nelson went to the site on which the residence was being constructed.

No testimony was provided as to any agreement regarding the contract price of the house, when the house would be paid for, etc. The evidence presented did not make out a case of simple debt against the feme defendant or the estate of her late husband.

[2]    Had the evidence been sufficient to make out a case of contract for indebtedness against the estate of Nelson, for the reasons set forth in *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828, and *Clark v. Morris*, 2 N.C. App. 388, 162 S.E. 2d 873, plaintiff would not be entitled to a laborers' and materialmen's lien against the property described in the complaint. We do not deem it necessary to repeat the well-settled principles stated in those decisions.

[3]    In his brief plaintiff argues that if the judgment appealed from is allowed to stand, Mrs. Nelson will be unjustly enriched at the expense of plaintiff. In *R. R. v. Highway Commission*, 268 N.C. 92, 150 S.E. 2d 70, it is said:

> "The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor. *Beacon Homes, Inc. v. Holt*, 266 N.C. 467, 146 S.E. 2d 434; *Dean v. Mattox*, 250 N.C. 246, 108 S.E. 2d 541.

> "The action is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. . . ."

[4-6]    Plaintiff's action is based on breach of contract for which he seeks legal relief. While a party may obtain legal or equitable relief, or both, in the same court and in the same action, he must allege the facts upon which the court may grant such relief; equitable relief will be granted only when the facts set forth bring the case within the recognized jurisdiction in equity. Furthermore, when a case has been tried in the trial court on a particular theory, a litigant may not switch theories when he gets to the appellate court.

1 McIntosh, N.C. Practice and Procedure § 999(4)(5), and cases therein cited.

The judgment of the superior court is

Affirmed.

BRITT and GRAHAM, JJ., concur.