BILL HOWELL, T/A BILL HOWELL CONSTRUCTION COMPANY v. C. M. ALLEN & COMPANY

No. 708DC163

(Filed 27 May 1970)

1. Contracts § 27— breach of contract — failure to prove price — nonsuit

Failure of plaintiff contractor to prove an agreement as to price between himself and the defendant construction company warrants entry of judgment of nonsuit in plaintiff's action for breach of contract to provide defendant with 26,000 feet of concrete, there being no meeting of the minds on this essential element of a contract.

2. Contracts § 3— definiteness of agreement — the price

An agreement which does not specify the price or any method for determining it, but which leaves the price for future determination and agreement of the parties, is not binding.

3. Contracts § 1— essentials of a contract — meeting of the minds

In order for a valid contract to exist, the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms.

APPEAL from *Hardy, District Judge,* October 1969 Session, WAYNE County District Court.

This is an action for breach of contract instituted by the plaintiff on 16 March 1966. The plaintiff, in his complaint, alleges that there was an express contract between the parties to this action whereby he was to furnish the defendant 26,000 feet of concrete on a construction job in the City of Goldsboro, North Carolina. The plaintiff alleged:

> "3)   That during January of 1966, pursuant to a request from the agents, servants, and employees of the defendant, the plaintiff submitted to the defendant a written bid for the furnishing by the plaintiff to the defendant of 26,000 feet of concrete on the 'Southern Bell Job' located in the City of Goldsboro, Wayne County, North Carolina.

> "4)   That subsequent to submitting said bid to the defendant, the plaintiff was thereupon notified and advised by the defendant's foreman, the same person to whom the plaintiff had submitted said bid, that the plaintiff was the low bidder for the 26,000 feet of concrete, and thereupon advised the plaintiff to enter into and commence construction."

The complaint further alleges that the plaintiff made arrangements to enter into said work and did enter the performance of the alleged contract.

The defendant contended that it did not accept any bid by the plaintiff nor did it enter into any contract with the plaintiff. Issues of breach of contract and damages were submitted to the jury and answered in favor of the plaintiff. From a judgment awarding the plaintiff $1,500.00, the defendant appealed to this Court.

*Sasser, Duke and Brown, by J. Thomas Brown, Jr., for plaintiff appellee.*

*Dees, Dees, Smith and Powell, by William L. Powell, Jr., for defendant appellant.*

HEDRICK, J.

[1]   The appellant assigns as error the court's overruling his motions for judgment as of nonsuit. All the evidence considered in its light most favorable to the plaintiff tended to show that in the month of January 1966 the defendant was engaged in placing underground conduit lines for Southern Bell in the City of Goldsboro, North Carolina, and that the plaintiff went to the site of the job and dis-

cussed with one E. O. Bradshaw, an employee of the defendant, the possibility that the plaintiff might bid on some concrete work. Bradshaw informed the plaintiff that Barrus Construction Company of Kinston, North Carolina, was also bidding on the job, but that the plaintiff could submit a proposal. The plaintiff testified that in consequence of his conversation with Bradshaw he did, in fact, submit to Bradshaw a written proposal to install the concrete for a sidewalk from Ash Street to William Street five feet in width, four inches thick and six inches thick in the driveways with a test strength of 3,000 pounds. The plaintiff further testified that in the afternoon after he had submitted the written proposal to Bradshaw he was advised that he did have the contract, and that he was the low man, and that he was to begin work immediately cutting out the driveways. The plaintiff testified that after he and his men had worked 3½ days he was told by one Williams, Secretary and General Superintendent for C. M. Allen & Company, to stop work because the defendant had decided to award the contract to Barrus Construction Company.

The written proposal described by the plaintiff was not introduced into evidence nor does the record disclose any evidence as to any agreement between the parties regarding the price to be paid by the defendant for the work to be done by the plaintiff. "The general rule is that price or compensation is an essential ingredient of every contract for the transfer of property or rights therein or for the rendering of services and must be definite and certain or capable of being ascertained from the contract itself. . . .

[2]    "An agreement which does not specify the price or any method for determining it, but which leaves the price for future determination and agreement of the parties, is not binding." 17 Am. Jur. 2d, Contracts, § 82.

[1, 3]    In order for a valid contract to exist the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. *Goeckel v. Stokely*, 236 N.C. 604, 73 S.E. 2d 618 (1952). "An offer must be definite and complete, and a mere proposal intended to open negotiations which contain no definite terms but refers to contingencies to be worked out cannot constitute the basis of a contract, even though accepted." 2 Strong, N.C. Index 2d, Contracts, § 2; *Yeager v. Dobbins,* 252 N.C. 824, 114 S.E. 2d 820 (1960). The plaintiff contends in his complaint that he is entitled to recover damages because the defendant breached an express contract. The plaintiff's evidence tends to show only that he negotiated with one of the defendant's employees to do ·some concrete work.

The evidence is silent as to the terms of the alleged express contract. The evidence does not disclose with any certainty what the plaintiff agreed to do for the defendant, or what the defendant agreed to pay the plaintiff. The plaintiff's evidence fails to show the existence of a binding contract between the parties; hence, the defendant's motion for judgment as of nonsuit ought to have been allowed. *Leffew v. Orrell,* 7 N.C. App. 333, 172 S.E. 2d 243 (1970).

Reversed.

BROCK and BRITT, JJ., concur.