WILLIS B. ERVIN, AND ERVIN SPECIALTY CONTRACTING, INC., A NORTH CAROLINA CORPORATION v. BAXTER E. TURNER AND WIFE, BETH M. TURNER

No. 7719DC234

(Filed 7 February 1978)

Laborers' and Materialmen's Liens § 2— liability of wife on contract—issue of material fact

There was a genuine issue of material fact as to whether the feme defendant was a party to a contract between the plaintiffs and defendant husband for the construction of a house by plaintiffs on a lot owned by defendants as tenants by the entirety, and the trial court erred in entering summary judgment for the feme defendant in an action on the contract and in ordering that plaintiffs' notice of a claim of lien for labor and materials be stricken from the record, where feme defendant's affidavit stated that she was not a party to the contract, and plaintiffs' affidavits and exhibits were to the effect that the feme defendant participated in the negotiations culminating in an oral agreement that plaintiffs would build a house for defendants in accordance with a written "Detail Estimate," which included the services to be rendered and the cost allocated to each service, all phases of the construction were agreed upon, including materials, costs and workmanship, and the feme defendant participated in supervision of the construction.

APPEAL by plaintiffs from *Hammond, Judge.* Judgment entered 20 December 1976 in District Court, ROWAN County. Heard in the Court of Appeals 19 January 1978.

Civil action wherein plaintiffs seek to recover $3,039.29 allegedly owed on a building contract and to perfect a lien of that amount on real property owned by defendants Baxter E. Turner and Beth M. Turner as tenants by the entirety.

In their complaint the plaintiffs allege that the defendants "agreed orally" that the plaintiffs would build a house on the defendants' lot in accordance with the terms of a "Detail Estimate" furnished by the plaintiffs. The defendants filed an answer, after which the feme defendant filed a motion for summary judgment. In support of her motion the feme defendant submitted an affidavit which stated that she was not a party to the

contract between her husband and the plaintiffs. In opposition to the feme defendant's motion, plaintiffs filed affidavits setting out specific facts with respect to the feme defendant's participation in the negotiations culminating in an agreement that the plaintiffs would build a house for defendants on the latters' lot, and the feme defendant's participation in the supervision of the construction. The trial court entered summary judgment for the feme defendant and ordered that the plaintiffs' notice of claim of lien be stricken from the record. Plaintiffs appealed.

*Ketner and Snider, by Glenn E. Ketner, Jr., and Robert S. Rankin, Jr., for plaintiff appellants.*

*Carlton, Rhodes & Thurston, by Gary C. Rhodes, for defendant appellee.*

HEDRICK, Judge.

The plaintiffs contend that summary judgment for the feme defendant was improper because plaintiffs raised a genuine issue of material fact in their pleadings and affidavits in opposition to the feme defendant's motion.

It is elementary that for a valid contract to exist it is required that there be a meeting of the minds of the parties as to all essential terms, which " 'must be definite and certain or capable of being made so.' " *Horton v. Refining Co.*, 255 N.C. 675, 679, 122 S.E. 2d 716, 719 (1961). In the present case the pleadings and affidavits in support of and in opposition to the feme defendant's motion for summary judgment clearly reflect a genuine issue as to whether the defendant, Beth M. Turner, was a party to the contract between the plaintiffs and Baxter E. Turner for the construction of a house on the lot owned by defendants as tenants by the entirety. In support of her argument the feme defendant rests primarily upon our decision in *Leffew v. Orrell*, 7 N.C. App. 333, 172 S.E. 2d 243 (1970). In *Leffew*, this Court affirmed a judgment of involuntary nonsuit reasoning that "[n]o testimony was provided as to any agreement regarding the contract price of the house, when the house would be paid for, etc." The present case is clearly distinguishable since the essential terms to which the feme defendant allegedly agreed, including the services to be rendered and the cost allocated to each service, were included in the "Detail Estimate," which was drawn during

the negotiations and appended to the pleadings. Furthermore, the affidavits in opposition to feme defendant's motion state that all phases of the construction were discussed and agreed upon including the materials to be used, costs and workmanship.

We hold that the trial court erred in striking the notice of claim of lien filed by the plaintiffs and in entering summary judgment for feme defendant. The judgment is reversed, and the cause remanded to District Court for further proceedings.

Reversed and remanded.

Judges BRITT and WEBB concur.