SARAH P. vanDOOREN v. PETER vanDOOREN

PETER vanDOOREN v. SARAH P. vanDOOREN

No. 773DC525

(Filed 1 August 1978)

1. **Divorce and Alimony § 16.5— alimony without divorce—earnings of husband**

   In an action for alimony without divorce, the trial court erred in excluding evidence of defendant's earnings and earning capacity since such evidence was relevant to support plaintiff's allegation that defendant, as supporting spouse, willfully failed to provide plaintiff with necessary subsistence according to his means and condition within the meaning of G.S. 50-16.2(10).

2. **Evidence § 25; Divorce and Alimony § 14.3— alimony action—photographs showing adultery—admission for illustrative purposes only**

   Photographs showing the defendant engaged in acts of adultery were not admissible as substantive evidence in an alimony action but would have been admissible only for the purpose of illustrating the testimony of a witness.

3. **Divorce and Alimony § 14.2— alimony action—spouse's testimony as to adultery**

   An action by the wife for alimony without divorce was a divorce action encompassed by the provisions of G.S. 8-56 and 50-10, and the defendant husband could not be compelled to give testimony in support of the wife's allegation that he committed adultery so as to render admissible photographs showing the husband engaged in acts of adultery.

4. **Pleadings § 32; Rules of Civil Procedure § 15.1— motion to file supplemental pleadings**

   Generally, a motion to file supplemental pleadings should be allowed unless its allowance would impose a substantial injustice upon the opposing party, and in order to facilitate litigation of related issues in a single action, the court may impose terms or conditions upon the allowance of the motion whenever the terms appear to be required by considerations of fairness. G.S. 1A-1, Rule 15(d).

---

---

5. **Pleadings § 11.1; Rules of Civil Procedure § 13— counterclaim—prior action based on same allegations**

> The trial court in a husband's action for absolute divorce erred in striking the wife's counterclaim for alimony without divorce because the wife had previously instituted an action for alimony without divorce based upon essentially the same allegations as those contained in her counterclaim since the existence of pending litigation did not affect the wife's statutory right to plead the counterclaim in a divorce action. G.S. 1A-1, Rule 13(a) and (b).

APPEAL by Sarah P. vanDooren, plaintiff in Case No. 73CVD299 and defendant in Case No. 74CVD1260, from *Nowell, Judge*. Judgment in Case No. 73CVD299 entered 16 December 1976, and order in Case No. 74CVD1260 entered 13 December 1976, both is District Court, CARTERET County. Heard in the Court of Appeals 29 March 1978.

In May 1973, plaintiff-wife instituted the action in Case No. 73CVD299 against her husband seeking alimony without divorce, child custody, and child support. An earlier appeal in this case was taken from the court's order changing its original order regarding alimony pendente lite. This court's opinion in that appeal is reported at 27 N.C. App. 279, 218 S.E. 2d 715 (1975).

Peter vanDooren instituted Case No. 74CVD1260 on 19 December 1974 when he filed a complaint seeking an absolute divorce from his wife on the grounds of one year's separation. Mrs. vanDooren answered the complaint, alleging that her husband was not entitled to an absolute divorce because he had committed acts of adultery and had abandoned her. Mrs. vanDooren also filed a counterclaim alleging, just as she did in Case No. 73CVD299, that she was entitled to obtain alimony without divorce, child custody, and child support. By consent of the parties, the two cases were consolidated for the purpose of trial.

In response to a motion by the husband, the court entered an order on 13 December 1976 dismissing Mrs. vanDooren's counterclaim in Case No. 74CVD1260 because "there is a former action pending [Case No. 73CVD299] wherein the same issues are alleged." Mrs. vanDooren appealed, and no further action was taken by the trial court in that case.

Case No. 73CVD299 was tried before a jury at the 13 December 1976 session of District Court, and the jury returned its verdict, answering all issues in favor of the defendant-husband. Plaintiff-wife appealed.

*Wheatly, Mason, Wheatly and Davis by L. Patten Mason for appellant.*

*Bennett, McConkey and Thompson by Thomas S. Bennett for appellee.*

PARKER, Judge.

[1]   We first consider the issues raised by the plaintiff-wife's ap- · peal in Case No. 73CVD299. As one of the grounds for relief, Mrs. vanDooren alleged in her complaint that she is the dependent spouse and that the defendant "willfully failed to provide the plaintiff with the necessary subsistence according to his means and conditions so as to render the conditions of the plaintiff intolerable and the life of the plaintiff burdensome." Anticipating that plaintiff would attempt to introduce evidence of his earnings and earning capacity to support these allegations, defendant made a pretrial motion to exclude any such evidence, and the court granted the motion. Plaintiff assigns error to this pretrial ruling, contending that evidence regarding her husband's earnings was relevant to the issues raised in her complaint. We agree.

By the above-quoted allegations from plaintiff's complaint she sought relief in the form of alimony under the provisions of G.S. 50-16.2(10). For plaintiff to successfully establish this claim for alimony, the terms of the statute require proof that defendant, as the supporting spouse, has willfully failed to provide plaintiff "with necessary subsistence *according to his . . . means and condition.*" (Emphasis added.) Proof of defendant's earnings and his earning capacity was clearly relevant to a determination of "necessary subsistence according to his . . . means and condition," and the trial court erred in ordering all such evidence to be excluded.

Although the record does not reveal what evidence plaintiff would have introduced regarding defendant's earnings and earning capacity, it is clear that she was prejudiced by the court's blanket exclusion of such evidence. Despite the pretrial ruling that evidence of defendant's earnings should not be considered by the jury, the court, in charging the jury, instructed them that "the income of the husband" could properly be considered in determining whether plaintiff was entitled to relief under G.S. 50-16.2(10). The court then noted that "[i]n this instance, there is

no evidence as to income." In view of this instruction, the court's previous ruling excluding all evidence of defendant's earnings and earning capacity was clearly prejudicial error which entitles the plaintiff-wife to a new trial.

[2]  Plaintiff alleged, as one of the grounds for alimony, that defendant had committed adultery, and she contends that the court erred in refusing to allow into evidence four photographs showing the defendant engaged in various acts of adultery. The North Carolina rule is that photographs may be received into evidence only for the purpose of illustrating the testimony of a witness, and not as substantive evidence. 1 Stansbury's N.C. Evidence (Brandis Rev.) § 34. Plaintiff argues that the photographs should have been admitted as substantive evidence on the authority of *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973). In that case, our Supreme Court permitted photographs of fingerprints, properly authenticated, to be admitted as substantive evidence. While acknowledging the substantial criticism which has been directed toward North Carolina's limitation upon the use of photographs in evidence, the court in *Foster* nevertheless specifically declined to repudiate that limitation upon photographic evidence in general. Therefore, with the exception of photographs of fingerprints, the rule that photographs are admissible solely for the purpose of illustrating the testimony of a witness remains in effect in this State.

The only testimony regarding the conduct portrayed in the photographs came from an expert photographer and from the defendant himself. Though excluded from the jury's consideration, this testimony was included in the record at plaintiff's request. As to the expert photographer, the parties stipulated that he would have testified that he examined the photographs, that they accurately show what they purport to show, and that defendant is one of the individuals portrayed in the photographs. However, the photographer did not take the pictures and did not witness the scenes depicted therein. Thus, he could have offered no testimony which the photographs could illustrate, leaving defendant as the only witness whose testimony the photographs could illustrate.

[3]  Defendant's testimony, if admitted into evidence, might have been sufficient to support the admissibility of the photographs. However, this action by the wife for alimony without divorce is a

divorce action encompassed by the provisions of G.S. 8-56 and 50-10, *Hicks v. Hicks*, 275 N.C. 370, 167 S.E. 2d 761 (1969), and defendant cannot be compelled to give testimony in support of his wife's allegation that he committed adultery. *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972); 1 Stansbury's N.C. Evidence (Brandis Rev.) § 58. Without defendant's testimony, there was no testimony for the photographs to illustrate, and the four photographs were therefore properly excluded by the trial court.

We next consider plaintiff's assignment of error directed to the trial court's denial of her motion to file supplemental pleadings. By her motion, plaintiff sought to supplement her complaint with allegations that defendant had assaulted and threatened her and had engaged in a course of adulterous conduct. Since these alleged occurrences happened after the date the original pleadings were filed, plaintiff's motion was made pursuant to G.S. 1A-1, Rule 15(d). *Williams v. Freight Lines*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971). Although plaintiff's original complaint alleged adultery as well as cruel and barbarous treatment by defendant, the supplemental pleadings were necessary to enable plaintiff to introduce evidence of adultery and cruel and barbarous treatment occurring after the original complaint was filed, at least absent consent by defendant to introduction of such evidence. Even under the modern notice theory of pleading, a complaint cannot give notice of occurrences that do not take place until after the complaint is filed. *Gordon v. Gordon*, 7 N.C. App. 206, 171 S.E. 2d 805 (1970).

[4] Although the ruling on a motion to allow supplemental pleadings is within the trial judge's discretion, that discretion is not unlimited. Generally, the motion should be allowed unless its allowance would impose a substantial injustice upon the opposing party, "for it is the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities." *Mangum v. Surles*, 281 N.C. 91, 99, 187 S.E. 2d 697, 702 (1972). The rule that a motion to allow supplemental pleadings should ordinarily be granted is based upon the policy that a party should be protected from the harm which may occur if he is prevented from litigating certain issues merely by virtue of the court's denial of such a motion. In ruling on such a motion, the trial court should focus on any resulting unfairness which might occur to the party opposing the motion. In the absence of

any apparent or declared reason for its denial, the motion should be granted. In order to facilitate litigation of related issues in a single action, the court may impose terms or conditions upon the allowance of the motion whenever the terms appear to be required by considerations of fairness. *New Amsterdam Casualty Co. v. Waller*, 323 F. 2d 20 (4th Cir. 1963).

In the present case, the original complaint was filed in May 1973, while plaintiff's motion to allow supplemental pleadings was not made until approximately two weeks before the trial in 1976. The motion came over eighteen months after defendant allegedly assaulted and threatened plaintiff. While mere delay, standing alone, is not a sufficient reason to deny the motion, *compare Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F. 2d 380 (2d Cir. 1968) *with LaSalle Street Press, Inc. v. McCormick and Henderson, Inc.*, 445 F. 2d 84 (7th Cir. 1971), we do not find it necessary in this case to decide whether the court erred in denying plaintiff's motion. Since a new trial is necessary in this case, conditions have changed since the original motion was made, and plaintiff may renew her motion after remand. *See Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972). Delay in making the original motion may have previously presented difficulties to defendant but should present no unreasonable difficulties on remand if plaintiff renews her motion in apt time.

In the earlier order of 16 May 1973 awarding alimony pendente lite, child custody, and child support, the court awarded counsel fees for plaintiff in the amount of $2,500. On 21 December 1976, after the jury had returned its verdict, plaintiff filed a motion for additional counsel fees to cover the services of her attorney up through the trial and to cover services to be rendered on this appeal. The court denied the motion "on the grounds that the Court has no authority to award counsel fees to a dependent spouse where the jury answers the issues against her." The denial was thus made as a matter of law, without any exercise of discretion by the trial judge. We find it unnecessary to pass on plaintiff's assignment of error directed to this ruling, since in any event there must be a new trial and upon remand of this case for that purpose plaintiff may renew her motion for allowance of additional counsel fees, in which event the court shall consider the matter anew and without prejudice from its previous ruling denying additional counsel fees as a matter of law.

vanDooren v. vanDooren

We do not find it necessary to consider plaintiff's remaining assignments of error in Case No. 73CVD299. A new trial is necessary in that case, and we do not think those problems are likely to arise at the next trial.

We turn now to the single issue raised by the wife's appeal in the husband's action for absolute divorce, Case No. 74CVD1260. In this case, the parties are reversed, the wife being defendant and the husband being plaintiff.

[5]   While the wife's action for alimony without divorce, child custody, and child support was pending, the husband instituted a separate action for an absolute divorce on the grounds of separation for a period exceeding one year. The wife answered, alleging that the separation actually amounted to abandonment by the plaintiff-husband. She also filed a counterclaim seeking alimony without divorce, child custody, and child support, based upon essentially the same allegations as were contained in her complaint in Case No. 73CVD299. The trial judge granted plaintiff's motion to strike the counterclaim because "there is a former action pending wherein the same issues are alleged." Defendant-wife's sole contention in this case is that the court erred in striking her counterclaim.

The counterclaim provisions of G.S. 1A-1, Rule 13(a) and (b) are quite liberal, permitting a pleading to "state as a counterclaim any claim against an opposing party." Generally, if the claim arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim," the counterclaim is compulsory; otherwise, it is permissive. In either event, however, the counterclaim must be permitted.

The existence of pending litigation does not affect defendant's statutory right to plead this counterclaim in the divorce action. It is possible that the issues raised in defendant's counterclaim will be finally resolved in Case No. 73CVD299, the wife's suit for alimony without divorce, and may become *res judicata* as to this case, the husband's action for absolute divorce. *See Garner v. Garner*, 268 N.C. 664, 151 S.E. 2d 553 (1966). Furthermore, pending resolution of Case No. 73CVD299, it may be necessary to stay the proceedings in this case, No. 74CVD1260. *See Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978). However, neither of these possibilities prevents the defendant

from pleading the issues raised in her counterclaim, and the trial court erred in ordering the counterclaim stricken.

The result is:

In Case No. 73CVD299,

New trial.

In Case No. 74CVD1260,

Reversed and remanded.

Judges VAUGHN and WEBB concur.