GEOFFREY BAUMANN D/B/A BAUMANN BUILDING AND COMPANY v. MR. PETER SMITH AND WIFE, MRS. MIMI SMITH

No. 787SC701

(Filed 15 May 1979)

1. **Rules of Civil Procedure § 56— alternative theories—complaint insufficient as to some—summary judgment entered as to all**

When a complaint attempts to allege alternative theories to support a cause of action and summary judgment is proper with respect to one or more of the attempted theories, it will also be proper with respect to the remaining one or more theories which may fail to comply with the minimum pleading requirements of G.S. 1A-1, Rule 8.

2. **Contracts § 27.1— express contract denied—summary judgment proper**

In an action to recover for construction work on defendants' home renovation project where plaintiff alleged an express contract with defendants, the trial court properly entered summary judgment for defendants, since defendants filed an affidavit in support of their summary judgment motion alleging that the express contract was between defendants and a third person who employed plaintiff as a subcontractor and defendants did not at any time discuss the cost or price of any work to be performed by plaintiff, and plaintiff did not come forward with any information in opposition to the summary judgment motion.

3. **Quasi Contracts and Restitution § 1— plaintiff as subcontractor—no implied contract between parties—no recovery on quantum meruit**

In an action to recover for construction work on defendants' home renovation project where plaintiff sought to recover on the basis of quantum meruit, summary judgment was properly entered for defendants since defendants alleged that services and materials were provided by plaintiff pursuant to a

contract between plaintiff and a third person and that defendants accepted the benefits pursuant to another separate contract between themselves and the third person.

Judge CLARK dissenting.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 16 May 1978 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 24 April 1979.

Plaintiff filed a complaint alleging that he is a cabinet maker and does other residential construction work; that on 9 March 1977 Lee Miles informed him that he had completed certain construction work on defendants' home renovation project and that someone was needed to do cabinet and other interior work in the residence; that he met with Miles and the defendants and "an agreement was made with the Defendants that the Plaintiff would proceed with the construction of the cabinets and other renovations to the residence of the Defendants as the Defendants would direct . . ."; that no contract price for the completed work was entered into, the agreement being that plaintiff would be compensated at an hourly rate and defendants would pay for materials as required; that between 23 March 1977 and 15 April 1977 plaintiff proceeded to accomplish the work as directed by the defendants and thereafter submitted a statement for $6,520.16 to Miles "as agent for the Defendants," and to the defendants directly; that defendants refused to pay, and that plaintiff filed a notice of claim of lien against defendants pursuant to Article 2 of Chapter 44A of the General Statutes. Plaintiff also alleged that he rendered services and furnished materials to defendants, that defendants knowingly accepted the services and materials and received benefits therefrom and that defendants refused or failed to pay him for services rendered and materials furnished. Plaintiff seeks to recover upon an express contract or, alternatively, on the basis of *quantum meruit* upon an implied contract between plaintiff and defendants.

Defendants filed answer and denied the material allegations in the complaint. Defendants asserted as further defenses that they entered into a contract with Lee Miles for renovation of their home; that Miles employed plaintiff as a subcontractor; that they never entered into any agreement or contract with plaintiff; that they did not exercise any control or supervision over plain-

Baumann v. Smith

tiff's work; and that Miles did not have any authority to contract with plaintiff on their behalf or to accept a statement from plaintiff on their behalf. Defendants further asserted that the notice of claim of lien filed by the plaintiff is a subcontractor's lien and that plaintiff stated in the notice of claim of lien that the labor and materials were furnished to defendants' property pursuant to an agreement between the plaintiff and Lee Miles. Alternatively, defendants asserted that, should it be determined that they entered into a contractual agreement with plaintiff, plaintiff breached the contract by not completing the contemplated work in their residence, by refusing to work under their direction and supervision and by submitting unconscionable charges for time not actually spent on the job and for tools used only incidentally on the job. Moreover, plaintiff actually damaged their residence by leaving the work and construction unfinished.

Pursuant to G.S. § 1A-1, Rule 56, defendants moved for summary judgment on the ground that there was no genuine issue as to any material fact relating to liability of defendants to plaintiff. They submitted an affidavit in which they reaffirmed the allegations of the further defenses in their answer and produced the 5 January 1977 contract with Miles. Plaintiff submitted no affidavits or documents in opposition to the motion for summary judgment.

The trial court allowed the defendants' motion for summary judgment and plaintiff appeals.

*Frank M. Wooten, Jr., by Thomas B. Carpenter, Jr., for plaintiff appellant.*

*Taylor, Brinson & Aycock, by James C. Marrow, Jr., for defendant appellees.*

CARLTON, Judge.

The sole question presented by this appeal is whether the trial court properly allowed defendants' motion for summary judgment.

G.S. 1A-1, Rule 56(c) provides in pertinent part as follows:

The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

By the clear language of the rule itself, the motion for summary judgment can be granted only upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. *Kiser v. Snyder*, 17 N.C. App. 445, 194 S.E. 2d 638 (1973). Upon motion for summary judgment the burden is on the moving party to establish the lack of a triable issue of fact. 11 Strong, N.C. Index 3d, Rules of Civil Procedure, § 56.2, p. 354. Where a moving party supports his motion for summary judgment by appropriate means, which are uncontroverted, the trial judge is fully justified in granting relief thereon. However, it is further clear that summary judgment should be granted with caution and only where the movant has established the nonexistence of any genuine issue of fact. That showing must be made in the light most favorable to the party opposing the summary judgment and that party should be accorded all favorable inferences that may be deduced from the showing. The reason for this is that a party should not be deprived of an adequate opportunity fully to develop his case by witnesses in a trial where the issues involved make such procedure the appropriate one. *Rogers v. Peabody Coal Co.*, 342 F. 2d 749 (6th Cir. 1965). The papers of the moving party are carefully scrutinized and those of the opposing party are, on the whole, indulgently regarded. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

Of particular pertinence to the case at bar is this portion of subsection (e) of Rule 56:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Subsection (e) of Rule 56 does not shift the burden of proof at the hearing on motion for summary judgment. The moving party still has the burden of proving that no genuine issue of material

fact exists in the case. However, when the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing party to take affirmative steps to defend his position by proof of his own. He may not rest upon the mere allegations or denial of his pleading, for he does so at the risk of having judgment entered against him. The opposing party need not convince the court that he would prevail on a triable issue of material fact but only that the issue exists. *See* Shuford, N.C. Civil Practice and Procedure, § 56-9, p. 475; *Millsaps v. Contracting Company*, 14 N.C. App. 321, 188 S.E. 2d 663 (1972); *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971). Also, subsection (e) clearly precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts. *Nasco Equip. Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976). And, subsection (e) clearly states that the unsupported allegations in a pleading are insufficient to create a genuine issue of fact where the moving adverse party supports his motion by allowable evidentiary matter showing the facts to be contrary to that alleged in the pleadings. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

In his brief, plaintiff argues that his complaint was sufficient to state these legal theories under which defendants might be liable to him: (1) A contract with Lee Miles, in which event defendants would be liable for undisbursed funds under the subcontractor's lien, (2) a contract directly with defendants by which they would be liable to him under the alleged agreement to pay him at an hourly rate and for the cost of materials required, and (3) if it should be determined that no contractual arrangement existed, then a claim in *quantum meruit* for the reasonable value of the services and materials. We agree with plaintiff that G.S. 1A-1, Rule 8(e)(2) would allow the alternative pleading of these claims. We also agree that his complaint was sufficient to adequately state his claims under the second and third theories upon which he relies. However, we do not believe his complaint sufficient to state a claim for relief under the first theory which he argues. For that reason, we cannot find the trial court's allowance of the motion for summary judgment erroneous for the primary reason argued by the plaintiff in his brief, *to wit*, that the trial court ignored or failed to understand the first theory relied on by plaintiff at the summary judgment hearing.

In contending that his complaint stated a claim for relief pursuant to Part 2, Article 2, Chapter 44A of the General Statutes, plaintiff relies on the liberal pleading rules set out in G.S. 1A-1, Rule 8. Subsection (a) of that rule provides in pertinent part as follows:

(a) *Claims for Relief—*A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third party claim shall contain

(1) A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and

(2) A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

Plaintiff's primary argument on appeal is that the trial court, at the summary judgment hearing, interpreted his complaint to only state claims for relief under an express contract between him and defendants and under the theory of *quantum meruit.* He does not concede that the trial court's ruling was proper in granting summary judgment under those two theories but does argue that the trial court ignored his first claim for relief which was that a contract existed between him and the primary contractor, Lee Miles, and he is therefore entitled to relief under Part 2, Article 2 of Chapter 44A of the General Statutes. Since the trial court did not find facts in its order allowing summary judgment, such findings not being required, we are unable to say whether the trial court gave consideration to that theory. We do not believe, however, that the trial court should have given consideration to that theory because we do not believe plaintiff's complaint complied with the requirements of Rule 8(a) stated above. With respect to this theory, plaintiff's complaint did not give "a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions . . . intended to be proved showing that the pleader is entitled to relief . . . ." The only reference to this theory in plaintiff's complaint is contained in paragraph 16 which reads as follows: "That plaintiff has filed a notice of claim of lien pursuant to Article 2 of Chapter 44A

of the North Carolina General Statutes against defendants herein and their premises upon which said construction and renovation work was performed by plaintiff." For example, the complaint fails to state whether the defendants, as "obligors," made further payments to the contractor after receiving notice of lien, such as would make them personally liable to him under G.S. 44A-20(a)(b). Moreover, read contextually, it is obvious that the entire thrust of plaintiff's complaint is to establish an express contract between him and the defendants or to establish a claim for relief based on *quantum meruit*. While we construe pleadings liberally, the "short and plain statement of the claim" required by G.S. 1A-1, Rule 8(a)(1) requires more than a general statement that a notice for relief has been filed pursuant to some statute.

There is another, and more compelling, reason for concluding that plaintiff did not state a claim for relief under the theory of a subcontractor's lien. Rule 8(a)(2) requires "a demand for judgment for the relief to which he deems himself entitled." While plaintiff's complaint demands judgment against defendants in the amount of $6,520.16, "the relief to which he deems himself entitled" was clearly not intended by plaintiff to be based on the theory of a subcontractor's lien. Following the demand for the monetary judgment, the prayer section of plaintiff's complaint reads as follows: "That as an alternate to judgment upon the express contract, the plaintiff recover from the defendants on the basis of *quantum meruit* upon the implied contract between plaintiff and defendants, for services rendered and materials furnished to and accepted by defendants." While the plaintiff later prayed that the judgment be declared a lien on defendants' property pursuant to Article 2, Chapter 44A of the General Statutes, it is obvious that plaintiff intended to establish his entitlement to judgment on one of the other two theories.

We therefore hold that summary judgment with respect to plaintiff's first alleged claim for relief was proper because plaintiff's complaint was insufficient to state a claim for relief under that theory.

[1] We do not hold, however, that a motion for summary judgment is the proper device for challenging a complaint which fails to state a claim upon which relief can be granted. We simply hold that, when a complaint attempts to allege alternative theories to

support a cause of action and summary judgment is proper with respect to one or more of the attempted theories, it will also be proper with respect to the remaining one or more theories which may fail to comply with the minimum pleading requirements of G.S. 1A-1, Rule 8.

[2]   We next turn to the question of whether plaintiff's complaint adequately established an express contract with defendants to overcome the motion for summary judgment. Plaintiff's complaint alleges that he entered into an express contract with defendants. The complaint, however, contains only these general and vague allegations concerning the alleged express contract: That plaintiff, defendants and Lee Miles "conferred and an agreement was made with the defendants that the plaintiff would proceed with the construction . . ."; that no contract price for the completed work was entered into; that "the agreement between the plaintiff and defendants was such that plaintiff would be compensated at an hourly rate . . ."; that the defendants would pay for materials as required. The affidavit submitted by defendants in support of the motion for summary judgment denied that any express contract existed between plaintiff and defendant and alleged that the contract was between defendants and Lee Miles. Further, defendants' affidavit alleged that Lee Miles employed the plaintiff as a subcontractor and that defendants did not at any time discuss the cost or price of any work to be performed by the plaintiff. We do not believe that the factual allegations of the complaint by themselves are sufficient to support a finding that a contractual relationship existed between the plaintiff and the defendants, particularly in light of our holding in *Leffew v. Orrell*, 7 N.C. App. 333, 172 S.E. 2d 243 (1970).

In Leffew, *supra*, the plaintiff contractor, seeking the enforcement of a lien against property, alleged, but failed to prove, an express contractual agreement with the defendant property owners. The plaintiff's discussion with the defendants concerning the proposed construction of a house never resulted in any agreement regarding the contract price of the house, when the house would be paid for, etc. The trial court determined that the plaintiff's evidence was insufficient to support a finding of an express contract and this Court affirmed.

In light of the denial of any contract in defendants' affidavit submitted in support of its motion for summary judgment, the failure of plaintiff to come forward with an affidavit or other supporting information in opposition to the motion as contemplated by subsection (e) of Rule 56, and our holding in *Leffew*, we believe the trial court properly allowed summary judgment with respect to an alleged claim for relief on the basis of an express contract.

[3] Plaintiff's final theory for recovery is based on the equitable principle of *quantum meruit* upon an implied contract between the plaintiff and the defendants. We find that summary judgment was proper under this theory as well.

In their affidavit, defendants alleged that services and materials were provided by plaintiff pursuant to a contract between plaintiff and Lee Miles, and that defendants accepted the benefits pursuant to another separate contract between themselves and Lee Miles. It is well established that where there is a contract between persons for the furnishing of services or goods to a third person, the third person is not liable on an implied contract simply because he has received such services or goods. *Suffolk Lumber Co. v. White*, 12 N.C. App. 27, 182 S.E. 2d 215 (1971); *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 124 S.E. 2d 905 (1962). In the absence of implied contract, no recovery will lie on the theory of *quantum meruit. Burns v. Burns*, 4 N.C. App. 426, 167 S.E. 2d 82 (1969). Plaintiff did not refute the allegations of defendants' affidavit. We hold that the granting of summary judgment was proper with respect to this theory of plaintiff's complaint also.

Affirmed.

Judge VAUGHN concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

Defendants' affidavit supporting their motion for summary judgment consisted of two paragraphs as follows:

Baumann v. Smith

"1. That they do reaffirm the statements in paragraph nos. 29 through 44 of the verified Answer filed in this case and ask that said paragraphs of said Answer be incorporated herein as if fully set out.

2. That the undersigned did enter into an agreement dated January 5, 1976 (sic) on or about January 5, 1977, with Lee Miles, a copy of which is attached hereto."

This affidavit did not place a duty on plaintiff of taking affirmative steps to defend his position by proof of his own in addition to his verified complaint, which met the requirements of Rule 56(e) and should have been considered by the trial court in ruling on the motion. The complaint alleged an agreement between plaintiff and defendants subsequent to the written agreement between defendants and Lee Miles.

It is not the purpose of Rule 56 to resolve disputed material issues of fact nor to allow a trial by affidavits. Rule 56 should be utilized cautiously and with due regard to its purposes and requirements. W. Shuford, N.C. Civil Practice and Procedure, § 56-3 (1975).

In my opinion summary judgment on all claims was improvidently entered.