WILLIAM CHARLES RYALS, Plaintiff-Appellant v. HALL-LANE MOVING AND STORAGE COMPANY, INC., RAYMOND JENSEN, HOLLY LEE WILLIAMS and FRANK MAHONEY, Defendants-Appellees

No. COA95-546

(Filed 16 April 1996)

**1. Process and Service § 195 (NCI4th)— motion to dismiss for insufficiency of process—three affidavits—presence of affiants not required—timeliness of affidavits**

The trial court did not err in admitting three affidavits offered by defendants to support their Rule 12(b) defenses made in their

RYALS v. HALL-LANE MOVING AND STORAGE CO.

[122 N.C. App. 242 (1996)]

answer as to insufficiency of process and service of process, since there was no requirement that the three affiants be present in court to offer testimony; the affidavits submitted eleven days before the hearing on their Rule 12(b) defenses were timely presented; and there was abundant, competent evidence to support the trial court's findings that defendants had not been properly served with the complaint.

**Am Jur 2d, Process §§ 330 et seq.**

**2. Appearance § 1 (NCI4th)— filing answer—engaging in discovery—no general appearance**

Defendants were not estopped from contesting jurisdiction and service of process because they filed and served an answer containing the defense of lack of personal jurisdiction and engaged in discovery since such actions alone are not considered a general appearance within the meaning of N.C.G.S. § 1-75.7(1) which would give the court jurisdiction over defendants without serving a summons upon them.

**Am Jur 2d, Appearance §§ 1 et seq.**

Appeal by plaintiff from Order entered 6 February 1995 by Judge William A. Creech in Wake County Superior Court. Heard in the Court of Appeals 22 February 1996.

*E. Gregory Stott for plaintiff-appellant.*

*Smith & Holmes, P.C., by Robert P. Holmes, for defendants-appellees Williams and Mahoney.*

JOHNSON, Judge.

On 20 April 1991, at approximately 2:45 p.m., plaintiff William Charles Ryals was a passenger in a 1990 Dodge vehicle, which was being operated by his daughter, Jo Ann Ryals Moore. Ms. Moore was traveling in an easterly direction on Interstate 40 near Mebane, North Carolina, when her vehicle was struck by a vehicle driven by defendant Holly Lee Williams. The vehicle was owned by defendant Frank Mahoney.

As a result of this collision, plaintiff suffered severe and painful injuries. Plaintiff was transported to the University of North Carolina-Chapel Hill (UNC) Hospitals, where he received extensive treatment. Plaintiff has also received other medical attention as a result of these injuries.

On 14 March 1994, plaintiff instituted this civil action, requesting monetary damages from defendants Hall-Lane Moving and Storage Company, Inc., Raymond Jensen, Holly Lee Williams, and Frank Mahoney. Summons was returned by the Sheriff of Union County, indicating that both defendants Williams and Mahoney had been properly served. However, on 20 April 1994, defendants Williams and Mahoney filed a document denominated "Motions and Answer of Defendants, Williams and Mahoney," which denied any negligence on their behalf and asserted several defenses, including insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. No affidavits were filed in support of defendants Williams and Mahoney's Motions and Answer until 9 January 1995.

Subsequently, defendants Williams and Mahoney undertook extensive discovery in regards to plaintiff, and defendants Hall-Lane Moving and Storage Company, Inc. and Raymond Jensen. Thereafter, this matter came on for hearing before Judge William A. Creech during the 20 January 1995 civil session of Wake County District Court. On 6 February 1995, an Order was entered, dismissing plaintiff's action against defendants Williams and Mahoney for lack of personal jurisdiction and insufficient service of process.

Plaintiff gave Notice of Appeal to this Court on 14 February 1995 and, thereafter, properly perfected said appeal. Plaintiff raised seven Assignments of Error on appeal. However, plaintiff abandoned Assignments of Error 3 and 4 and their corresponding arguments in his brief. Thereafter, plaintiff's Motion to Withdraw Assignment of Error 6, and abandon Question Presented VI and the corresponding Argument VI was allowed by this Court. Thus, those Assignments of Error and their corresponding arguments will not be addressed herein.

[1] Plaintiff assigns as error the trial court's admission of the affidavits of Millicent Francis Lane, Kara Lane and Holly Lee Williams over his objections. First, plaintiff takes issue with the fact that these affiants were not in court and, therefore, not subject to cross-examination. We find plaintiff's argument, in this regard, to be unpersuasive.

A party may assert the defenses of insufficiency of process and insufficiency of service of process in its responsive pleading or by motion. N.C. Gen. Stat. § 1A-1, Rule 12(b) (1990). These defenses, "whether made in a pleading or by motion, . . . [are to] be heard and determined before trial on application of any party, unless the judge

orders· that the hearing and determination thereof be deferred until the trial." N.C. Gen. Stat. § 1A-1, Rule 12(d). And if it is determined that there was no valid service of process, the court acquires no jurisdiction over defendant. *Sink v. Easter*, 284 N.C. 555, 202 S.E.2d 138, *reh'g denied*, 285 N.C. 597 (1974).

Affidavits, and not oral testimony, are the preferred mode of testimony in pretrial motion and defense hearings. *See Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 300 S.E.2d 241, *disc. review denied*, 308 N.C. 387, 302 S.E.2d 250 (1983). Moreover, our Supreme Court has continued to allow the use of affidavits to prove non-service. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E.2d 146 (1977).

In the instant case, the trial court scheduled a preliminary hearing to address defendants Williams and Mahoney's Rule 12(b) defenses which were contained in their Answer. Defendants Williams and Mahoney submitted three affidavits in support of their defenses— each of which showed that defendant Williams had never lived at 1701 Lake Lee Drive in Monroe; and that defendant Mahoney had lived at that address for approximately two years, until vacating the residence on or before 17 December 1993 and moving to 305 Bay Street in Monroe.

Plaintiff's reference to authority which supports his argument against the use of the three affidavits is readily distinguishable from the instant case— notably, they all refer to the propriety of the use of affidavits at trial. In line with North Carolina case law, we find that there was no requirement that the three affiants be present in court to offer testimony. *See Lowder*, 60 N.C. App. 699, 300 S.E.2d 241.

As to plaintiff's contention that the three affidavits submitted by defendants Williams and Mahoney were untimely, and therefore, inadmissible, again, we cannot agree. Plaintiff is correct in noting that Rule 6 of the North Carolina Rules of Civil Procedure provides that, "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." N.C. Gen. Stat. § 1A-1, Rule 6(d). However, plaintiff's efforts to liken the Rule 12(b) defenses contained in defendants Williams ,and Mahoney's Answer to a motion are unpersuasive.

Sections (a) and (b) of Rule 7 of our Rules of Civil Procedure clearly delineate the difference between pleadings—an answer in this case, and motions. *See* N.C. Gen. Stat. § 1A-1, Rule 7(a), (b) (1990). It follows, therefore, that a 12(b) defense contained in an answer is not

the same as a 12(b) defense raised in a motion. As such, affidavits filed in support of a 12(b) defense contained in an answer is not governed by the time constraints found in Rule 6(d). Affidavits submitted by defendants Williams and Mahoney eleven days before the hearing on their Rule 12(b) defenses were, therefore, timely presented.

Plaintiff also argues that the trial court erred in the findings of facts contained in its 6 February 1995 Order. Incorporating his previous arguments, plaintiff specifically contends that there was not adequate evidence to support the trial court's finding of fact that defendants Williams and Mahoney had not been properly served with his Complaint. As with plaintiff's above-mentioned arguments, we also find that this argument is without merit.

When a party challenges the trial court's findings of fact, this Court's sole task upon review is to determine whether those findings are supported by competent evidence. *Nationsbank of North Carolina v. Baines*, 116 N.C. App. 263, 269, 447 S.E.2d 812, 815 (1994) (quoting *Harris v. Walden*, 314 N.C. 284, 289, 333 S.E.2d 254, 257 (1985)). Further, "our appellate courts are bound by the trial courts' findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." *In re Montgomery*, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984). Our Court stated in *General Specialties Company, Inc. v. Nello L. Teer Company* that the trial court "has the duty to pass upon the credibility of the witnesses who testify. [The trial judge] decides what weight shall be given to the testimony and the reasonable inferences to be drawn therefrom. The appellate court cannot substitute itself for the trial court in this task." 41 N.C. App. 273, 275, 254 S.E.2d 658, 660 (1979), *quoted in Nationsbank*, 116 N.C. App. at 269, 447 S.E.2d at 815.

In the instant case, the trial court made numerous findings of fact in support of its conclusions of law: (1) that 1701 Lake Lee Drive, Monroe, North Carolina was neither defendant Williams' nor defendant Mahoney's dwelling house or usual place of abode; (2) that the only purported service of process on defendants Williams and Mahoney was when Corporal Francel left a copy of the Summons and Complaint with a minor at the 1701 Lake Lee Drive address on 22 March 1994; and (3) that, on 22 March 1994, defendants Mahoney and Williams resided at 305 Bay Street, Monroe, North Carolina.

RYALS v. HALL-LANE MOVING AND STORAGE CO.

[122 N.C. App. 242 (1996)]

Although there may have been contrary evidence presented at the hearing on defendants' 12(b) defenses which tended to show that the serving officer had reason to believe that valid service had been affected upon defendants Williams and Mahoney, we find abundant, competent evidence to support the trial court's findings of fact to the contrary. Consequently, these findings of fact will not be disturbed by this Court on appeal. Plaintiff's urgings to the converse must, therefore, fail.

[2] Plaintiff's final argument on appeal is that the trial court erred in the signing and entry of the 6 February 1995 Order, dismissing his Complaint against defendant Williams and Mahoney. Plaintiff's argument is based on a number of divergent lines of reasoning, but seems to be based on a theory of equitable estoppel. Essentially, plaintiff contends that defendants Williams and Mahoney should be estopped from contesting jurisdiction and service of process, because they filed and served an Answer and engaged in discovery. We cannot agree.

It is well-settled that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid, even though a defendant had actual notice of the lawsuit. *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E.2d 355 (1982); *Park v. Sleepy Creek Turkeys*, 60 N.C. App. 545, 299 S.E.2d 670 (1983). Generally, without valid service, the court cannot exercise jurisdiction over a person. *Sink*, 284 N.C. 555, 202 S.E.2d 138; *see* N.C. Gen. Stat. § 1-75.6 (1983). However, a person may submit himself to the jurisdiction of the court, if he makes a general appearance, even if the court has not already obtained jurisdiction over defendant by serving him with process. N.C. Gen. Stat. § 1-75.7(1) (1983); *M. G. Newell Co. v. Wyrick*, 91 N.C. App. 98, 370 S.E.2d 431 (1988). A defendant, however, cannot submit himself to the jurisdiction of the court or waive the defense of lack of personal jurisdiction by filing an answer which contains the defense of lack of personal jurisdiction, *see* N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (requiring jurisdictional defenses to be raised in pre-answer motions or answers), and/or engaging in discovery, *see Wiles v. Construction Co.*, 34 N.C. App. .157, 159, 237 S.E.2d 297, 298 (1977) (holding that defendant had not waived the defense of insufficiency of service of process by taking plaintiff's deposition, after answer raised the jurisdictional defect) (citing *Neifeld v. Steinberg*, 438 F.2d 423 (3rd Cir. 1971); *Kerr v. Compagnie de Ultramar*, 250 F.2d 860 (2nd Cir. 1958)), *rev'd on other grounds*, 295 N.C. 81, 243 S.E.2d 756 (1978). When a defendant

promptly alleges a jurisdictional defense as his initial step in an action, he fulfills his obligation to inform the court and his opponent of possible jurisdictional defects. In this instance, there is no deception upon the court or defendant's opponent, and therefore, there can be no prejudice to his opponent, for defendant has alerted the opponent and given him the opportunity to cure any jurisdictional defect from the outset.

Defendants Williams and Mahoney, in the case *sub judice*, filed a timely Answer in which they promptly alerted plaintiff to the jurisdictional problems therein. In addition, defendants engaged in discovery. Plaintiff had ample opportunity to cure any jurisdictional defects and was not unfairly prejudiced by defendants' actions. Law nor equity permits such actions alone to be considered a general appearance within the provisos of section 1-75.7(1) of the General Statutes, thereby giving the court jurisdiction over defendants Williams and Mahoney without serving a summons upon them in the instant action. Thus, plaintiff's argument of waiver or equitable estoppel must fail.

In light of the foregoing, the trial court's decision is affirmed.

Affirmed.

Judges MARTIN, JOHN C. and McGEE concur.