LYNETTA DRAUGHON, Personal Representative of the ESTATE OF MAX DRAUGHON, Deceased, Plaintiff v. HARNETT COUNTY BOARD OF EDUCATION and BARRY HONEYCUTT, JACKIE SAMUELS, STEPHEN AUSLEY, JASON SPELL, ANTHONY BARBOUR, PERRY SAENZ, DON WILSON, JR., RAYMOND McCALL, and BRIAN STRICKLAND, In their Individual and Official Capacities, Defendants

No. COA03-1324

(Filed 5 October 2004)

**1. Jurisdiction— lack of service raised in answer—not a general appearance—reassertion of jurisdictional defense in subsequent motion—not required**

The trial court did not err by granting defendant Honeycutt's motion to dismiss for insufficient service and lack of personal jurisdiction where he was never served with a summons and complaint, filed an answer that included the defenses of insufficient service and no personal jurisdiction, and thereafter filed a motion to tax costs to plaintiff as a result of a prior voluntary dismissal. Although plaintiff contends that the motion to tax costs was a general appearance, defendant did not make any motion seeking affirmative relief before he filed his answer and the answer properly included the defenses of insufficient service and no personal jurisdiction. A defendant is not required to reassert his jurisdictional defenses in each subsequent motion.

**2. Jurisdiction— discovery—not a general appearance—jurisdictional defenses previously asserted**

Participating in discovery does not constitute a general appearance; here, the defendant had asserted his jurisdictional defenses in his first filed pleading.

**3. Statutes of Limitation and Repose— raised in supplemental answer—after summons had run**

The trial court did not abuse its discretion by granting defendant Honeycutt's motion to supplement his answer to assert the statute of limitations. Honeycutt was never served, all of the defendants filed a collective answer before the statute of limitations ran, the last alias and pluries summons directed to Honeycutt expired after the statute of limitations expired, and he filed this motion.

**4. Statutes of Limitation and Repose— expiration of summons—summary judgment**

The trial court appropriately granted summary judgment for defendant Honeycutt, a high school football coach, in an action that arose from the heatstroke death of one of his players. Although a number of alias and pluries summonses were issued, all expired without service and any subsequent action would be outside the statute of limitations.

Appeal by plaintiff from order entered 11 March 2003 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 26 August 2004.

*Gary, Williams, Parenti et al., by Alton C. Hale Jr., and Keith A. Bishop, PLLC, by Keith A. Bishop, for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Warren T. Savage; Tharrington & Smith, L.L.P., by Jonathan A. Blumberg and Lisa Lukasik; and Cranfill, Sumner & Hartzog, L.L.P., by Patricia L. Holland, for defendant-appellee Honeycutt.*

STEELMAN, Judge.

Plaintiff Lynetta Draughon, the personal representative of the Estate of Max Draughon, appeals from an order dismissing plaintiff's claims against defendant Honeycutt with prejudice. For the reasons discussed herein, we affirm.

Plaintiff's intestate was a football player at Triton High School in Harnett County, North Carolina. He collapsed during football practice on the morning of 8 August 1998 and died the following day at UNC Memorial Hospital from complications due to heatstroke. Defendant Honeycutt was the head football coach for Triton at that time. A more detailed discussion of the facts of the case can be found in this Court's earlier opinion, *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 580 S.E.2d 732 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004). On 3 August 2000, plaintiff filed a wrongful death action. On 6 July 2001, plaintiff voluntarily dismissed that action without prejudice. That same day, plaintiff refiled her claim against Harnett County Board of Education, Barry Honeycutt, Jackie Samuels, Stephen Ausley, Jason Spell, Anthony Barbour, Perry Saenz, Don Wilson, Jr., Raymond McCall, and Brian Strickland in their individual and official capacities, seeking monetary damages for the wrongful death of Max Draughon. Previously, this Court affirmed summary

judgment dismissing plaintiff's claims against defendants Stephen Ausley, Raymond McCall, Jason Spell, and Don Wilson, Jr. *Id.* at 215, 580 S.E.2d at 737. This Court subsequently affirmed summary judgment dismissing plaintiff's claims against defendant Brian Strickland. *Draughon v. Harnett Cty Bd. of Educ.*, 158 N.C. App. 705, 710, 582 S.E.2d 343, 346 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004).

This appeal pertains to the trial court's dismissal of all plaintiff's claims against defendant Honeycutt. The trial court's order dismissed plaintiff's complaint for insufficient process, insufficient service of process, and lack of personal jurisdiction under Rule 12(b)(2), 12(b)(4), and 12(b)(5); for failure to state a claim upon which relief could be granted under Rule 12(b)(6) of the Rules of Civil Procedure; as being barred by the statute of limitations under Rule 12(c) and Rule 56; and for failure to prosecute under Rule 41(b). The remaining facts of this case will be discussed in the context of plaintiff's assignments of error.

We note that plaintiff does not appeal from any of the trial court's findings of fact, and as such those findings are presumed to be supported by competent evidence and are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

**[1]** In plaintiff's first assignment of error she contends the trial court erred in granting Honeycutt's motion to dismiss for insufficient service of process and lack of personal jurisdiction. We disagree.

In order for a court to obtain personal jurisdiction over a defendant, a summons must be issued and service of process secured by one of the statutorily specified methods. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); N.C. Gen. Stat. § 1A-1, Rule 4(j) (2003). If a party fails to obtain valid service of process, "a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Bentley v. Watauga Bldg. Supply, Inc.*, 145 N.C. App. 460, 462, 549 S.E.2d 924, 925 (2001).

Plaintiff does not contest that Honeycutt was never served with a copy of the summons and complaint in this action. Rather, plaintiff contends the filing of a Motion for Costs on 15 October 2001 by defendant Honeycutt constituted a general appearance by Honeycutt, and precluded Honeycutt from asserting the defense of lack of personal jurisdiction.

Since Honeycutt was never served with the summons and complaint, the only way the trial court may exercise jurisdiction

over him is if he makes a general appearance in the case. N.C. Gen. Stat. § 1-75.7(1) (2003). To preserve the defenses of insufficiency of service, service of process, and lack of personal jurisdiction, the defendant must assert them in either a motion filed prior to any responsive pleading or include them in his answer or other responsive pleading permitted by the Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2003); *Ryals v. Hall-Lane Moving and Storage Co.*, 122 N.C. App. 242, 247-48, 468 S.E.2d 600, 604, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). If a defendant makes a general appearance in conjunction with or after a responsive pleading challenging jurisdiction pursuant to Rule 12(b), his right to challenge personal jurisdiction is preserved. *Id.* at 247-48, 468 S.E.2d at 604; *Lynch v. Lynch*, 302 N.C. 189, 197, 274 S.E.2d 212, 219, *modified and affirmed*, 303 N.C. 367, 279 S.E.2d 840 (1981) ("[A] general appearance will waive the right to challenge personal jurisdiction only when it is made *prior to* the proper filing of a Rule 12(b)(2) motion contesting jurisdiction over the person.") (emphasis added).

Honeycutt obtained an extension of time to respond to plaintiff's 6 July 2001 complaint. This did not constitute a general appearance, as a defendant may move for and obtain an extension of time within which to answer or otherwise plead, without such action being considered a general appearance. N.C. Gen. Stat. § 1-75.7(1) (2003). All of the defendants filed a collective answer on 10 September 2001, which asserted a number of defenses. The Third Defense stated:

> Defendant[] Honeycutt, . . . move[s] the Court, pursuant to G.S. § 1A-1, Rules 12(b)(2), 12(b)(4), and 12(b)(5), to dismiss this action for insufficient process, insufficient service of process, and *lack of personal jurisdiction,* on the grounds that Plaintiff has not served any of these Defendants in a manner authorized by G.S. §1A-1, Rule 4, or any other applicable law and that Plaintiff has failed to prove any proper service of any adequate process on these Defendants at any time.

(emphasis added). There is no evidence in the record that Honeycutt made any motion to the court seeking affirmative relief before he and the other defendants filed their answer. The answer properly included the defenses of insufficiency of service, service of process, and lack of personal jurisdiction. Thus, defendant Honeycutt properly preserved these issues for later resolution by the trial court.

On 12 September 2001, Honeycutt and the other defendants filed a motion to tax costs against plaintiff pursuant to Rule 41(b) of the

North Carolina Rules of Civil Procedure. This motion requested that costs be taxed to plaintiff as a result of taking a voluntary dismissal in the previous wrongful death action filed on 3 August 2000. Plaintiff contends this constituted a general appearance since Honeycutt sought affirmative relief on matters unrelated to the issue of jurisdiction over the person without restating his challenge to the court's jurisdiction. The record clearly shows that Honeycutt raised the issues of insufficiency of process, service of process, and lack of personal jurisdiction prior to the filing of the motion for costs. As noted above, this preserved those issues. Furthermore, nowhere in our case law do we require a defendant to reassert his jurisdictional defenses in each subsequent motion he files. *See Ryals*, 122 N.C. App. at 247, 468 S.E.2d at 604. By asserting his jurisdictional defenses in his first filed pleading, Honeycutt "fulfill[ed] his obligation to inform the court and his opponent of possible jurisdictional defects." *Id.* at 248, 468 S.E.2d at 604. Nor does it appear in the record that Honeycutt ever attempted to withdraw his jurisdictional or service defenses. *See Hall v. Hall*, 65 N.C. App. 797, 800, 310 S.E.2d 378, 381 (1984). Thus, Honeycutt's right to challenge the court's jurisdiction was preserved and the filing of the motion for costs did not waive that right.

**[2]** Plaintiff further contends that Honeycutt engaged in extensive discovery, which constituted a general appearance or a waiver of the defense of lack of personal jurisdiction. This is incorrect. This Court has held that it does not constitute a general appearance for a defendant to file an answer or participate in discovery. *Ryals*, 122 N.C. App. at 247, 468 S.E.2d at 604. This assignment of error is without merit.

**[3]** In plaintiff's second assignment of error she contends the trial court erred in granting Honeycutt's motion for summary judgment which dismissed plaintiff's claims against Honeycutt based upon the statute of limitations. Our analysis of this issue also includes plaintiff's fourth assignment of error, in which she asserts it was error for the trial court to grant Honeycutt's motion to supplement his answer to assert the statute of limitations as an affirmative defense.

Rule 15(d) of the Rules of Civil Procedure provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which may have happened since the date of the pleading sought to be supplemented, . . . .

N.C. Gen. Stat. § 1A-1, Rule 15(d) (2003). Motions to allow supplemental pleadings should ordinarily be granted because by definition they encompass matters that arose after the date of the original pleading, unless a substantial injustice would result to the opposing party. *vanDooren v. vanDooren*, 37 N.C. App. 333, 337-38, 246 S.E.2d 20, 23-24, *cert. denied*, 295 N.C. 653, 248 S.E.2d 258 (1978). *See also* 1 G. Gray Wilson, *North Carolina Civil Procedure* § 15-13, at 315-17 (2d ed. 1995).

In this case, at the time Honeycutt filed his answer, on 10 September 2001, the summons directed to Honeycutt had not expired. However, the summons did subsequently expire on 22 November 2002. On 3 February 2003, Honeycutt moved the court pursuant to Rule 15(d) of the Rules of Civil Procedure to supplement his answer to assert the expiration of the summons and that plaintiff's claims against Honeycutt were barred by the applicable statute of limitations. The trial court found and the record confirms that the statute of limitations had not run at the time of the filing of Honeycutt's answer and that Honeycutt could not have properly asserted that defense at that time. Upon the expiration of the summons directed to Honeycutt, it was proper for him to move to supplement his pleadings. We find the decision of the trial court granting Honeycutt's motion to supplement his pleadings was a reasoned one, and the granting of the motion was not an abuse of discretion.

[4] It was also appropriate for the trial court to grant Honeycutt's motion for summary judgment. Rule 4 of the Rules of Civil Procedure provides for service of process. N.C. Gen. Stat. § 1A-1, Rule 4 (2003). This rule requires that a summons be served within sixty days from the date it was issued. N.C. Gen. Stat. § 1A-1, Rule 4(c). If the plaintiff fails to effectuate service of the summons within this time period, Rule 4(d) permits the action to be continued. The continuance will relate back to the date the original summons was issued, if the summons is endorsed by the clerk or if an alias or pluries summons is issued within ninety days of the issuance of the last preceding summons. *Id.* The endorsement or the alias or pluries summons must be served within sixty days of issuance. *Id.* However, when neither an endorsement or an alias or pluries summon is issued within this ninety day period, the action is discontinued as to any defendant who was not served within the allotted time. N.C. Gen. Stat. § 1A-1, Rule 4(e). A party may still obtain an endorsement or alias or pluries summons, but it will not relate back to the date of the prior summons; issuance of the new summons commences an entirely new action. *Id.*;

*Lemons v. Old Hickory Council, Boy Scouts, Inc.*, 322 N.C. 271, 275, 367 S.E.2d 655, 657 (1988). *See also Johnson v. City of Raleigh*, 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990).

The trial court found as facts: (1) the original summons directed to Honeycutt in this action was issued on 6 July 2001; (2) plaintiff procured a number of alias and pluries summonses directed to Honeycutt in this action, the last being issued on 23 August 2002; (3) Honeycutt included his jurisdictional and service objections in his answer; (4) no alias and pluries summons were issued after 23 August 2002; and (5) no return of service has been filed with the court showing Honeycutt had ever been served with a copy of the summons or complaint in this action. Thus, when plaintiff failed to have this action continued as to defendant Honeycutt through endorsement or issuance of alias or pluries summons before the expiration of her last summons on 22 November 2002, this action was discontinued as to Honeycutt on that date. *See* N.C. Gen. Stat. § 1A-1, Rule 4(e); *Lemons*, 322 N.C. at 275, 367 S.E.2d at 657; *Russ v. Hedgecock*, 161 N.C. App. 334, 336-37, 588 S.E.2d 69, 70-71 (2003), *disc. review denied*, 342 N.C. 896, 467 S.E.2d 905 (2004).

The statute of limitations for plaintiff's wrongful death action expired two years after the date of the death of plaintiff's intestate on 8 August 2000. N.C. Gen. Stat. § 1-53(4) (2003). When the final summons in the present action expired on 22 November 2002, the present action was discontinued and any subsequent endorsement of the summons would have constituted a new action, commenced after the expiration of the statute of limitations.

Plaintiff contends it was improper for the court to grant summary judgment in favor of Honeycutt because he had made a general appearance prior to the expiration of the final alias and pluries summons on 22 November 2002, and thus she did not need to effectuate service on Honeycutt. This argument is identical to the one asserted by plaintiff in her first assignment of error. As we stated above, Honeycutt preserved his right to challenge the court's jurisdiction since he filed his responsive pleading challenging jurisdiction before he made a general appearance and thus, the trial court never obtained jurisdiction over him. Since plaintiff neglected to effectuate proper service on Honeycutt, the trial court properly found that plaintiff's action for wrongful death against Honeycutt was barred by the applicable statute of limitations. It was thus proper for the trial court to

grant Honeycutt's motion for summary judgment. These assignments of error are without merit.

Since we have affirmed the trial court's grant of summary judgment in favor of defendant Honeycutt based upon the statute of limitations, it is unnecessary for us to address plaintiff's third assignment of error.

AFFIRMED.

Judges CALABRIA and ELMORE concur.