DALE RONALD STUNZI, Plaintiff v. MEDLIN MOTORS, INC., Defendant

No. COA10-954

(Filed 2 August 2011)

**1. Appeal and Error—preservation of issues—failure to argue—personal jurisdiction**

Defendant abandoned its defense of lack of personal jurisdiction on appeal based on its failure to make any argument that this would have been an alternative basis for the trial court's dismissal of the action.

**2. Statutes of Limitation and Repose—expiration—lemon motor vehicle—fraud or misrepresentation should have been discovered**

The trial court did not err by granting defendant's motion to dismiss plaintiff's claims with prejudice arising from plaintiff's purchase of a motor vehicle from defendant. Plaintiff reasonably should have discovered any fraud or misrepresentation by defendant as to the status of the car as a "lemon" on 16 August 2004, and the pertinent statutes of limitation had all expired before commencement of this action.

Appeal by plaintiff from judgment entered 15 April 2010 by Judge Kenneth C. Titus in Superior Court, Wake County. Heard in the Court of Appeals 26 January 2011.

*The Norris Law Firm, PLLC, by J. Matthew Norris, for plaintiff-appellant.*

*Patterson Dilthey, LLP, by Christopher Derrenbacher, for defendant-appellee.*

STROUD, Judge.

STUNZI v. MEDLIN MOTORS, INC.

[214 N.C. App. 332 (2011)]

On 3 November 2009, Dale Ronald Stunzi ("plaintiff") filed a complaint against defendants Medlin Motors, Inc. ("Medlin") and Western Surety Company[1] alleging claims of breach of the North Carolina New Vehicles Warranties Act, violation of the Truth in Lending Act, breach of the duty of good faith, unfair and deceptive trade practices, breach of contract, fraud, and punitive damages, all arising from plaintiff's purchase of a 2003 Hyundai Tiburon motor vehicle from Medlin on or about 7 August 2004. Plaintiff appeals from the trial court's order dismissing all of his claims against Medlin. Because plaintiff's claims were all barred by the applicable statutes of limitation, we affirm.

I. Factual and procedural background

Plaintiff's claims arise out of his purchase of a 2003 Hyundai Tiburon ("car" or "vehicle") from Medlin on or about 7 August 2004. Plaintiff alleges that he visited Medlin's dealership in Rocky Mount, North Carolina to look at the car. "After briefly examining" the car and "taking it for a short test drive," plaintiff and "Medlin entered into a sales agreement" in which plaintiff agreed to purchase the car for $15,400.00. Plaintiff does not allege the car's price as originally advertised or even what he believed the purchase price at the time of the purchase, but alleges that the cash price was not $15,400.00 "but rather approximately $10,490.00." Plaintiff further alleges that this difference in price was based upon plaintiff's trade-in of his 1998 Saturn vehicle, for which he was "allegedly allowed a trade in value of $4,910.00, which Defendant alleged equaled the payoff amount of $4,910.00." Plaintiff claimed that Medlin "without informing Plaintiff, increased the cash price of the Vehicle to $15,400.00 to cover up the negative equity payoff amount of Plaintiff's trade-in vehicle in order to obtain financing" for the car. Plaintiff alleged that he was not informed of this and that he either would have refused to purchase the car or would have negotiated for a lower price if he had known. Plaintiff and Medlin then "entered into a retail installment sales contract (RISC) for the purchase of the Vehicle according to the terms discussed and agreed upon in the Bill of Sale."

About a week after plaintiff took possession of the car, a "dealership representative" for Medlin called plaintiff and said "that he had a paper for [plaintiff] to sign indicating that some work had been done to the Vehicle." Plaintiff alleged that "[t]he representative never

1. Plaintiff filed a voluntary dismissal of his claims against Western Surety Company on 4 February 2010, so Medlin is the only remaining party defendant.

STUNZI v. MEDLIN MOTORS, INC.

[214 N.C. App. 332 (2011)]

told Plaintiff at that time or any time thereafter that the Vehicle was a lemon."[2] Plaintiff met the dealership representative as requested

in North Raleigh on or about August 16, 2004 . . . . [Plaintiff] signed the paper and asked if there was a copy for him to keep, to which the representative answered "No". The representative did not explain to Plaintiff what the paper meant and never gave Plaintiff a copy.

In or about March 2009, plaintiff made his last payment on the car and "received the title in the mail from his lienholder . . . . On the title document [plaintiff] discovered that the Vehicle had been branded a lemon." Plaintiff alleges that Medlin "willfully withheld this information from Plaintiff in order to induce Plaintiff into purchasing the Vehicle" and "misrepresented the nature of the document Plaintiff signed after the sale of the Vehicle."

Medlin filed motions to dismiss and an answer on or about 29 January 2010. In its first motion to dismiss, the first defense raised by Medlin was lack of personal jurisdiction over Medlin because Medlin was not served with the summons and complaint. Medlin alleged that "Plaintiff has failed to serve Defendant Medlin Motors, Inc. with proper process and service of process under Rule 4 of the North Carolina Rules of Civil Procedure. Consequently, plaintiff's action fails for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process." The second defense raised by Medlin, in its second motion to dismiss, was the statute of limitations. Medlin alleged that each of plaintiff's claims should be dismissed as the action was not commenced prior to the expiration of the applicable statute of limitations: one year for the Truth in Lending claim; three years for the unfair and deceptive trade practices claim; and three years for the fraud claim.[3] Medlin also raised several other affirmative defenses and responded to the allegations of the complaint.

---

2. By "lemon," we assume that plaintiff means not a small yellow citrus fruit, but instead a car which did not conform to express warranties and was returned to the manufacturer as described in N.C. Gen. Stat. § 20-351.3(d) (2009), as such vehicles are commonly referred to as "lemons." Our courts have commonly referred to North Carolina's New Motor Vehicles Warranties Act, N.C. Gen. Stat. §§ 20-351 through— 351.11 as "the Lemon Law[.]" *Buford v. General Motors Corp.*, 339 N.C. 396, 399, 451 S.E.2d 293, 294 (1994) (quotation marks omitted).

3. Medlin raised statute of limitations defenses as to plaintiff's other claims as well, but as plaintiff concedes on appeal that these claims were properly dismissed, we will not address them. We also note that the statute of limitations for the unfair or deceptive trade practices claims is four years under N.C. Gen. Stat. § 75-16.2 (2009), not three years, as alleged by defendant.

Medlin's motion to dismiss was heard on 22 March 2010, and, on 12 April 2010; the trial court entered an order dismissing plaintiff's claims with prejudice. Plaintiff filed timely notice of appeal from this order.

## II. Motion to dismiss

### A. Standard of review

We review the trial court's ruling on a motion to dismiss *de novo*.

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.

*Nucor Corp. v. Prudential Equity Group, LLC*, 189 N.C. App. 731, 735, 659 S.E.2d 483, 486 (2008) (citation omitted). Our Supreme Court has further stated that

[d]ismissal under Rule 12(b) (6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Wood v. Guilford County*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

### B. Personal jurisdiction

[1] Although neither party's brief addresses Medlin's motion to dismiss for lack of service of process, we first note that the record on appeal does not include any indication whatsoever that Medlin was ever served with the summons and complaint.

In order for a court to obtain personal jurisdiction over a defendant, a summons must be issued and service of process secured by one of the statutorily specified methods. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); N.C. Gen. Stat. § 1A-1, Rule 4(j) (2003). If a party fails to obtain valid service of process,

"a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Bentley v. Watauga Bldg. Supply, Inc.*, 145 N.C. App. 460, 462, 549 S.E.2d 924, 925 (2001).

*Draughon v. Harnett County Bd. of Educ.*, 166 N.C. App. 449, 451, 602 S.E.2d 717, 718 (2004). Medlin filed an answer but raised the lack of service as its first affirmative defense, thus preserving the defense.

> To preserve the defenses of insufficiency of service, service of process, and lack of personal jurisdiction, the defendant must assert them in either a motion filed prior to any responsive pleading or include them in his answer or other responsive pleading permitted by the Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2003); *Ryals v. Hall-Lane Moving and Storage Co.*, 122 N.C. App. 242, 247-48, 468 S.E.2d 600, 604, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). If a defendant makes a general appearance in conjunction with or after a responsive pleading challenging jurisdiction pursuant to Rule 12(b), his right to challenge personal jurisdiction is preserved. *Id.* at 247-48, 468 S.E.2d at 604[.]

*Id.* at 452, 602 S.E.2d at 719.

Yet, the defense of lack of personal jurisdiction can be waived. *See In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009) ("Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner. N.C.G.S. § 1A-1, Rule 12(h) (1) (2007). Generally, such deficiencies can be cured. Even without a summons, a court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) ("Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent." (citation omitted)).". Although it appears that Medlin preserved the defense for purposes of the trial court's consideration of the motion to dismiss, Medlin did not preserve this argument for purposes of this appeal. As our record does not include a transcript of the hearing on the motion to dismiss, we do not know if Medlin argued lack of personal jurisdiction as a potential basis for the trial court's dismissal of the action. Although the wording of the order of dismissal implies that the trial court probably dismissed the claims not for failure of service but instead based upon the statutes

of limitation,[4] it does not necessarily exclude lack of service as a reason for dismissal. However, Medlin has not made any argument on appeal regarding a lack of personal jurisdiction. Under Rule 28(a) of the North Carolina Rules of Appellate Procedure,

> [t]he function of all briefs required or permitted by these rules is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned.

N.C.R. App. P. 28(a). In addition, Medlin, as appellee, had the right to raise an argument that the trial court should have granted its motion to dismiss based on lack of service of process without taking an appeal, but Medlin made no such argument. *See* N.C.R. App. P. 28(c) ("Without taking an appeal, an appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.") Thus, Medlin has abandoned its defense of lack of personal jurisdiction on appeal by its failure to make any argument that this would have been an alternative basis for the trial court's dismissal of the action.

C. Expiration of the statutes of limitation

[2] Both parties have argued the statute of limitations as the basis for dismissal of plaintiff's claims and from the order it appears most likely that this was the sole basis of the trial court's ruling. Our record includes a document entitled "Pennsylvania Disclosure of Nonconformity" ("disclosure form") which notes at the top:

**"IMPORTANT: THIS VEHICLE WAS REPURCHASED BY THE MANUFACTURER BECAUSE IT DID NOT CONFORM TO THE MANUFACTURER'S EXPRESS WARRANTY AND THE NONCONFORMITY WAS NOT CURED WITHIN A REASONABLE TIME AS PROVIDED BY PENNSYLVANIA LAW."**

---

4. The order states that the Court considered the complaint, the motions to dismiss, and "the disclosure form referenced in paragraphs 24-26, 29, 37, 38, 44(b), 48(b), and 59(b)" in addition to the law and arguments of counsel and dismissed the claims pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6).

(Emphasis in original). The disclosure form identifies the car as a 2003 Hyundai Tiburon, Vehicle Identification Number KMHHN65F43U036786 and states that

> All necessary repairs and adjustments have been made and the vehicle meets acceptable operating standards. The vehicle was alleged to have the following nonconformities:
>
> 1. Multiple fuel repairs/fuel odor in vehicle.

The disclosure form was signed on 13 August 2004 by an agent of Medlin and by plaintiff on 16 August 2004. The record does not reveal how the disclosure form was provided to the trial court, but it is in our record and plaintiff acknowledges in his brief that the trial court considered it at the hearing on the motion to dismiss. In fact, plaintiff's first issue in his brief is that the "trial court's consideration of an unauthenticated and disputed document at the hearing on the motion to dismiss converted the motion to dismiss into one for summary judgment." Both of the parties' briefs acknowledge that the disclosure form was presented to the trial court at the hearing. Yet just as the record does not reveal any details about how the disclosure form was presented to the trial court, it also does not reveal any objection by plaintiff to the trial court's consideration of the disclosure form. See N.C.R. App. P. 10(a) (stating that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired [and]. . . . the complaining party [must] obtain a ruling upon the party's request, objection, or motion . . . ."); *Hicks v. Alford*, 156 N.C. App. 384, 389-90, 576 S.E.2d 410, 414 (2003) (stating that "[i]t is the duty of the appellant to ensure that the record is complete . . . . An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." (citations and quotation marks omitted)). Plaintiff argues that the trial court's consideration of the disclosure form converted the hearing into a summary judgment hearing and that under N.C. Gen. Stat. § 1A-1, Rule 56, plaintiff should have been given "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, 12(b) (2009).

Defendant argues that the disclosure form is not the type of additional information which would convert the hearing into a summary judgment hearing, as the plaintiff's own complaint refers repeatedly to the disclosure form. See *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60, 554 S.E.2d 840, 847 (2001) ("[T]his Court has stated that

a trial court's consideration of a contract which is the subject matter of an action does not expand the scope of a Rule 12(b)(6) hearing and does not create justifiable surprise in the nonmoving party. *See Coley v. Bank*, 41 N.C. App. 121, 126, 254 S.E.2d 217, 220 (1979). This Court has further held that when ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant." *See Robertson v. Boyd*, 88 N.C. App. 437, 441, 363 S.E.2d 672, 675 (1988)."). In addition, defendant argues that plaintiff waived his right to continuance and an opportunity to present additional material, as the record does not show that he raised any objection to consideration of the disclosure or that he requested continuance based upon presentation of the disclosure form. We agree that even if consideration of the disclosure form would have converted the hearing into a summary judgment hearing, plaintiff's argument fails as plaintiff did not object to its consideration or request continuance. *See Raintree Homeowners Ass'n, Inc. v. Raintree Corp.*, 62 N.C. App. 668, 674, 303 S.E.2d 579, 582 (noting that "Plaintiffs did not request a continuance or additional time to produce evidence. Plaintiffs having participated in the hearing on the motion for summary judgment, without such objection or request for continuance, thereby waived any right to procedural notice with respect to the hearing. It was not an abuse of discretion for the trial court to consider defendant's affidavits and grant defendant's motion for summary judgment. The affidavits were properly before the court and plaintiff's contention is without merit."), *disc. review denied*, 309 N.C. 462, 307 S.E.2d 366 (1983).

Thus, whether because the disclosure form was properly considered on the motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), as a document repeatedly referred to by the complaint, or whether the hearing was converted to a summary judgment hearing and plaintiff waived his right to present additional material by his failure to object, the trial court properly considered the disclosure form.

Although plaintiff raises arguments regarding the merits of his various claims against Medlin, Medlin properly raised as a defense the statutes of limitation as to each claim in its answer. As this defense is dispositive, we will address it first. Our Supreme Court has noted that

[a] statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim. *Hargett v. Holland*,

337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994). Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired. *See Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974).

*Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996).

Since plaintiff purchased the car in 2004 and filed his complaint in 2009, five years later, the filing was clearly beyond the longest of the statutes of limitations applicable to the alleged claims, four years. *See* 15 U.S.C. § 1640(e) (2009); N.C. Gen. Stat. §§ 1-52 and 75-16.2 (2009). Plaintiff thus has the burden of demonstrating why the statutes of limitation had not expired. *See id.* Plaintiff argues that "the statute did not begin to run until [he] received his title from the lienholder and discovered the lemon title brand[]" in 2009. Plaintiff correctly notes that the statute of limitations "on a claim for fraud is three years from the 'discovery by the aggrieved party of the facts constituting the fraud or mistake,' N.C. Gen. Stat. § 1-52(9), or from when the fraud reasonably should have been discovered." Plaintiff also argues that the "[u]nfair trade practices claims are subject to a four year limitations period from the date of the accrual of the cause of action. N.C. Gen. Stat. § 75-16.2" and that this period also runs from the date of discovery or when the fraud should have been discovered.

Plaintiff's reliance on the discovery rule is misplaced. It is well-established that a person has a duty to read a document he signs.

In this State it is held that one who signs a paper writing is under a duty to ascertain its contents, and in the absence of a showing that he was wilfully misled or misinformed by the defendant as to these contents, or that they were kept from him in fraudulent opposition to his request, he is held to have signed with full knowledge and assent as to what is therein contained . . . . If unable to read or write, he must ask that the paper be read to him or its meaning explained.

*Williams v. Williams*, 220 N.C. 806, 809-10, 18 S.E.2d 364, 366 (1942) (citations omitted).

**STUNZI v. MEDLIN MOTORS, INC.**

[214 N.C. App. 332 (2011)]

Even construing the allegations of the complaint liberally in plaintiff's favor, there is no indication that he was incapable of reading or understanding the disclosure form, that he was not permitted to read it, that he was not shown the entire document, or any other facts which might indicate that Medlin prevented him from knowing the contents of the disclosure form when he signed it in 2004. Plaintiff alleges that before signing the disclosure form, the representative told him that the paper he needed plaintiff to sign "indicat[ed] that some work had been done to the Vehicle[,]" but this is correct; the disclosure form did in fact indicate that the car had "[m]ultiple fuel repairs/fuel odor in vehicle." Plaintiff alleges that the representative did not "explain to Plaintiff what the paper meant", but plaintiff does not allege why the representative would have needed to explain the disclosure form or that plaintiff asked any questions about the form. The one-page disclosure form itself reveals the information which plaintiff claims was fraudulently withheld from him in bold, capitalized type at the very top of the form, so plaintiff cannot even claim that the relevant information was obscured in small type or hidden within a long document.

> [W]hen the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence. Moreover, where the facts are insufficient as a matter of law to constitute reasonable reliance on the part of the complaining party, the complaint is properly dismissed under Rule 12(b)(6).

*Hudson-Cole Development Corp. v. Beemer*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 313 (1999) (citations omitted). Even accepting as true plaintiff's allegations that defendant should have provided the disclosure as to the car's status as a "lemon" prior to the sale or that defendant fraudulently misrepresented the condition or status of the car as a "lemon," plaintiff's own complaint reveals that defendant did provide the required disclosure shortly after the sale, and he does not allege or argue that the disclosure form was inadequate in any way. Thus, plaintiff's complaint discloses the facts which "necessarily defeat[] the plaintiff's claim." *See Wood*, 355 N.C. at 166, 558 S.E.2d at 494. Plaintiff reasonably should have discovered any fraud or misrepresentation by defendant as to the status of the car as a "lemon" on 16 August 2004, and the statutes of limitation as to each claim he has asserted began to run on 16 August 2004. All of the claims were

brought outside of their applicable statutes of limitation, and the trial court properly granted defendant's motion to dismiss on this basis.

For the foregoing reasons, the trial court's order dismissing plaintiff's complaint with prejudice is affirmed.

AFFIRM.

Judges CALABRIA and HUNTER, JR., Robert N. concur.